THE PEOPLE OF THE STATE OF NEW YORK ex rel. NEW YORK CENTRAL RAILROAD COMPANY, Respondent, *v.* STATE TAX COMMISSION, Appellant. (Taxes for 1917–1921, City of Amsterdam.)

Third Department, November 15, 1923.

Taxation — railroads — special franchise tax — assessment of retaining wall between Barge canal and railroad tracks — assessment should be based on actual cost of reproduction less depreciation as of time assessment is made and not at pre-war values — reproduction cost based on war values is evidence as to actual value but is not controlling.

The value for the purpose of special franchise tax assessment of an embankment constructed on State lands between a railroad and the Barge canal must be based on the actual embankment constructed and not on the theory that for the purposes of the railroad company a different construction of a less expensive kind would have been satisfactory — the fact that the canal was benefited is merely incidental.

The assessment should be fixed according to the cost of reproduction at the time thereof less any depreciation, and not according to the cost of reproduction prior to the war.

The reproduction cost based on war values is not necessarily controlling but it is some evidence bearing upon the actual value which must be considered in fixing the assessment.

APPEALS by the State Tax Commission from so much of five final orders of the Supreme Court in certiorari proceedings to review special franchise tax assessments, each entered in the office of the clerk of the county of Albany on the 11th day of December, 1922, upon the report of a referee, as modifies the assessments against

the relator in the city of Amsterdam, N. Y., for the years 1917 to 1921, inclusive.

*Carl Sherman,* Attorney-General [*John M. Farrell,* Deputy Attorney-General, of counsel], for the appellant.

*Alexander S. Lyman* [*George H. Walker* of counsel], for the respondent.

COCHRANE, P. J.:

The portions of the final orders in question under review herein relate to what is known as " Erie Canal (Berme Bank) Lengthwise." When the New York, West Shore and Buffalo Railway Company constructed its railroad through the city of Amsterdam it made a fill on State lands comprising the Erie canal and constructed a retaining wall lengthwise of said canal for the purpose of supporting said fill. Thereon it placed its tracks. The relator herein is the successor of the New York, West Shore and Buffalo Railway Company. This construction is known as the " Erie Canal (Berme Bank) Lengthwise." It is not questioned that it is subject to a special franchise tax. The controversy relates to the method of arriving at the assessment and the amount thereof.

The referee to whom this matter was referred held that a cheaper kind of wall might have been constructed; that a slope wall would have answered the purposes of the railway company, and that the wall in question was necessary for the canal and he determined that the amount of the assessment should have been based not on the existing structure but on such a structure as might have been established. The Erie canal existed long before the railroad. No retaining wall seems to have been necessary until the construction of the latter. In any event this fill and wall were a part of the railroad construction and the tax should be assessed on the property as it is and not as it might have been. (*People ex rel. N. Y. C. & H. R. R. R. Co.* v. *State Tax Comm.,* 205 App. Div. 462.) The fact that the wall may perhaps benefit the canal is a secondary and incidental matter. Primarily it was constructed for the benefit of the railway company and for the purposes of the franchise tax it is the property of said company. (*People ex rel. Buffalo & Lake Erie Traction Co.* v. *Tax Commissioners,* 209 N. Y. 502.)

As to the method employed of arriving at the tax we also think the referee was in error. The parties agree that the correct method is cost of reproduction less depreciation. This rule prescribes the maximum but not always the actual value which may be adopted for assessment purposes. (*People ex rel. D., L. & W. R. R. Co.* v. *Clapp,* 152 N. Y. 490; *People ex rel. N. Y., O. & W. R. Co.* v. *Shaw,* 143 App. Div. 811; *People ex rel. Hudson & M. R. R. Co.* v. *Tax*

**560** People ex rel. N. Y. C. R. R. Co. *v.* State Tax Comm.

Third Department, November, 1923. [Vol. 206

*Comrs.,* Id. 26; *People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Wood-bury,* 167 id. 428; affd., 218 N. Y. 635; *Georgia Railway* v. *Railroad Commission,* 262 U. S. 625.)

The referee fixed the value as it was in the year 1915 before the war, whereas the appellant made the assessments according to the values at the time such assessments were made. The latter is the correct method. In *Adams Express Co.* v. *Ohio* (166 U. S. 185, 220) it was said by Mr. Justice Brewer: " It is a cardinal rule which should never be forgotten that whatever property is worth for the purposes of income and sale it is also worth for purposes of taxation." And in determining the value of tangible property on which to base the rate of service or income it is settled that such value at the time of the inquiry is the proper criterion. (*Willcox* v. *Consolidated Gas Co.,* 212 U. S. 19.) In *Bluefield Co.* v. *Public Serv. Comm.* (262 U. S. 679) it was said: " The record clearly shows that the Commission in arriving at its final figure did not accord proper, if any, weight to the greatly enhanced costs of construction in 1920 over those prevailing about 1915 and before the war, as established by uncontradicted evidence; and the company's detailed estimated cost of reproduction new, less depreciation, at 1920 prices, appears to have been wholly disregarded. This was erroneous." (See, also, *Southwestern Tel. Co.* v. *Public Serv. Comm.,* 262 U. S. 276.) As above suggested, the reproduction cost based on war values is not controlling but it is some evidence bearing on the question of actual value which must be considered by the Commission. (*Georgia Railway* v. *Railroad Commission,* 262 U. S. 625.)

The reproduction cost less depreciation for the year 1915 was stipulated. Based on such stipulation as to pre-war values and taking into consideration the value of such a wall as might have been built but was not built the referee fixed the special franchise assessment in question at $42,076 for the years 1918 to 1920, inclusive, and at $42,093 for the year 1921. The reproduction cost less depreciation was also stipulated for the years 1917 to 1921, inclusive. By a simple computation it appears that the value of the various elements going into this special franchise assessment for these latter years was $113,563. The assessment by the State Tax Commission for the year 1917 was $29,900 and for each of the other years was $108,200 except that in the year 1921 it was $139,700. The assessments for all the years, therefore, as made by the Commission were well within the stipulated values of a reproduction cost less depreciation basis except for the year 1921. There is no evidence in the record showing on what the Commission based the assessment for the last year and such should be reduced to that of the years immediately preceding. The final order for the year 1917 confirmed

the assessment as made and the Commission although having appealed from said order has no grievance on account thereof.

The final order for the year 1917 should be affirmed, without costs; the final orders for the years 1918 to 1921, inclusive, as far as appealed from should be reversed, without costs; and the assessments as made in the first instance by the State Tax Commission should be confirmed, except that such assessment for the year 1921 should be reduced to that of the years immediately preceding. The court disapproves findings 21, 22, 23 and 24 of the referee's report and finds as a fact that the value of the special franchise in question in each of the years 1918 to 1921, inclusive, was $108,200.

H. T. KELLOGG, HINMAN, HASBROUCK and McCANN, JJ., concur.

Final order for the year 1917 affirmed, without costs. Final orders for the years 1918 to 1921, inclusive, so far as appealed from, reversed on the law and facts, without costs, and the assessments as made in the first instance by the State Tax Commission confirmed, except that such assessment for the year 1921 should be reduced to that of the years immediately preceding. The court disapproves findings 21, 22, 23 and 24 of the referee's report, and finds as a fact that the value of the special franchise in question in each year from 1918 to 1921, inclusive, was $108,200.