The People of the State of New York ex rel. New York Central Railroad Company, Appellant, v. State Tax Commission, Respondent. (Four Proceedings.)

Review of Special Franchise Assessments for Years 1918–1921.

*Tax — special franchise tax assessment — method of computation.*

People ex rel. *N. Y. C. R. R. Co.* v. *State Tax Commission*, 206 App. Div. 558, affirmed.

(Argued February 18, 1924; decided April 1, 1924.)

Appeal in each of above proceedings from an order of the Appellate Division of the Supreme Court · in the third judicial department, entered November 26, 1923, which reversed, so far as appealed from, an order entered upon the report of a referee modifying special franchise tax assessments against the relator in the city of Amsterdam and confirmed the assessment made in the first instance by the state tax commission with the exception of the assessment for the year 1921, which was reduced to that of the years immediately preceding. The portions of the orders under review herein relate to what is known as " Erie Canal (Berme Bank) Lengthwise." When the New York, West Shore and Buffalo Railway Company constructed its railroad through the city of Amsterdam it made a fill on state lands comprising the Erie canal and constructed a retaining wall lengthwise of said canal for the purpose of supporting said fill. Thereon it placed its tracks. The relator herein is the successor of the New York, West Shore and Buffalo Railway Company. It is not questioned that it is subject to a special franchise tax. The controversy relates to the method of arriving at the assessment and the amount thereof. Relator contended that the valuation of the wall should be based, not upon cost of reproduction less depreciation of the wall as it actually existed, but upon the cost of reproduction less depreciation of such a wall only as was necessary in the years in which these assessments were

levied to support the railroad company's fill and its tracks and traffic.

*George H. Walker* and *Alex S. Lyman* for appellant

*Carl Sherman, Attorney-General (John M. Farrell* of counsel), for respondent.

Order in each case affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGH-LIN, CRANE, ANDREWS and LEHMAN, JJ.

---

In the Matter of the Will of DANIEL HUNT, Deceased.

GEORGE N. CHANDLER, as General Guardian of RAYMOND F. CHANDLER, an Infant, Appellant; HARRISON G. HUNT et al., Individually and as Executors of DANIEL HUNT, Deceased, Respondents.

*Will — construction — erroneous decree of surrogate that testator died intestate as to portion of his estate.*

*Matter of Hunt*, 207 App. Div. 127, affirmed.

(Argued February 18, 1924; decided April 1, 1924.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered December 11, 1923, which reversed a decree of the Westchester County Surrogate's Court construing the will of Daniel Hunt, deceased, and holding that he died intestate as to a certain portion thereof. The Appellate Division held that by the 2d paragraph of his will testator devised all of his property to his two sons.

*Arthur R. Wilcox* for appellant.

*William Baruch* and *Sydney A. Syme* for Harrison G. Hunt, individually and as executor, respondent.

*Thomas Holden, Jr.*, and *Henry K. Heyman* for Hobart P. Hunt, individually and as executor, respondent.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGH-LIN, CRANE, ANDREWS and LEHMAN, JJ.