THE PEOPLE OF THE STATE OF NEW YORK ex rel. MAN-
HATTAN SQUARE BERESFORD, INC., Appellant and
Respondent, against JAMES J. SEXTON et al., as Com-
missioners of Taxes and Assessments of the City of
New York, Respondents and Appellants. (Taxes of
1932 and 1933.)

THE PEOPLE OF THE STATE OF NEW YORK ex rel. MAN-
HATTAN SQUARE BERESFORD, INC., Appellant and
Respondent, against WILLIAM S. MILLER et al., as Com-
missioners of Taxes and Assessments of the City of
New York, Respondents and Appellants. (Taxes of
1934.)

Argued May 29, 1940; decided October 18, 1940.

*Maurice Survis* and *Carl J. Austrian* for relator, appellant and respondent.

148

*William C. Chanler, Corporation Counsel (Arthur H. Goldberg* and *Arthur A. Segall* of counsel), for defendants, respondents and appellants.

CONWAY, J. There is presented an appeal by relator from an order of the Appellate Division, first department, which modified orders of Special Term in three tax certiorari proceedings for the years 1932, 1933 and 1934, and a cross-appeal from the order of modification which reduced the assessed values below the amounts fixed by Special Term. The issue is solely as to the value of the building which is a twenty-story apartment house. The reduced values were based upon a valuation arrived at by capitalization of potential income and substantially exceeded the reconstruction cost less depreciation as testified to by relator's uncontradicted expert witness, who had a large and varied experience for upwards of twenty years in building construction. In adopting that method of valuation reliance

was placed entirely upon the testimony of a witness who confessed that he could not and did not figure reconstruction cost less depreciation in reaching his conclusions.

In assessing an improvement upon real estate for tax purposes the maximum value which ordinarily may be placed upon it is reconstruction cost less depreciation. The value of the improvement arrived at by capitalization of potential or actual income may well be weighed and considered but if it be more than reconstruction cost less depreciation, at least in the absence of extraordinary circumstances not present here, the latter still remains the maximum value which may be assessed upon the property. (*People ex rel. D., L. & W. R. R. Co.* v. *Clapp*, 152 N. Y. 490; *People ex rel. Equitable Office Bldg. Corp.* v. *Cantor*, N. Y. L. J..July 9, 1921, p. 1225; affd., 207 N. Y. Supp. [App. Div. First Dept.] 899; *People ex rel. N. Y. C. R. R. Co.* v. *State Tax Commission*, 206 App. Div. 558; affd., 237 N. Y. 612; *People ex rel. N. Y. Stock Exchange Bldg. Co.* v. *Cantor*, 221 App. Div. 193; affd., 248 N. Y. 533; *People ex rel. Hotel Astor* v. *Sexton*, 159 Misc. Rep. 280; affd., 256 App. Div. 912; leave to appeal denied, 280 N. Y. 853.)

The values arrived at here exceeded so materially the uncontradicted proof as to the reconstruction cost of the building less depreciation that they, of necessity, indicate that the court failed to give effect to the limitation indicated. That was error as a matter of law.

In each proceeding the order should be reversed, with costs in all courts to the relator, and the proceedings remitted to the Special Term to proceed in accordance with this opinion. (See 284 N. Y. 737.)

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, SEARS and LEWIS, JJ., concur.

Ordered accordingly.