The People of the State of New York ex rel. New York Athletic Club, Relator, against William W. Mills et al., Constituting the Tax Commission of the City of New York, Respondents.

Supreme Court, Special Term, New York County, January 17, 1946.

*Charles Lamb* for relator.

*Ignatius M. Wilkinson, Corporation Counsel (Meyer H. Mencher* of counsel), for respondents.

McLaughlin, J. This is a retrial of a certiorari tax proceeding to review the assessments for the tax year 1943–1944 upon premises designated as 180 Central Park South, Manhattan. The plot is located at the southeast corner of Central Park South and Seventh Avenue and is improved with a twenty-story clubhouse known as the New York Athletic Club.

The contentions of the respondents are: (1) That the structure is a specialty and that the only method of appraising it is by finding the reconstruction cost and subtracting therefrom the amount of depreciation, the difference being the sound value which should be accepted as the value of the building. They base this in part upon a statement made by the relator's expert in the first trial to the effect that this was a specialty building, built to suit the New York Athletic Club as an athletic club. At the present trial the relator's expert testified: " Q. Have you any advice as to what is legally known as the specialty building? A. No, sir. I have not. Q. Is the New York Athletic Club building similar in any way to the Stock Exchange building? A. In no way whatsoever." As a matter of fact, the evidence in the second trial clearly established that this was not a " specialty ". Respondents' real estate expert, however, gave no other value except that based upon construction costs. It was admitted by him that the plot was not improved with the best and most suitable structure. He testified that it was not the best improvement as follows: " Q. So therefore this club house cannot be the best use, isn't that correct, that is the best use for the land? A. It is a special use and it is not the best use, certainly not." Nevertheless the respondents ask the ceiling of value which is reconstruction cost less depreciation (*People ex rel. Manh. Sq. Beresford* v. *Miller*, 284 N. Y. 145). This of itself should make this method improper as patently unfair and partakes of a discrimination in the fixing of values for the purpose of taxation. (2) Respondents' second contention is that the sales do not substantiate the land values fixed by the relator's expert. This contention is based primarily upon the analysis of the sales by the respondents' real estate expert, which analysis is clearly not proper. The court has analyzed all of the sales submitted by both relator and respondents and finds that the land value arrived at by the relator's expert is supported by the sales, whereas the land value testified to by the respondents' expert is not sustained by them. An analysis of the sales indicates that the highest unit on Central Park South is about $100,000 per unit lot and the lowest unit about $55,000. The land unit of the relator's expert for Central Park South is $100,000, while that of the respondents' expert is $140,000. It is thus clear that the sales do not support the respondents' unit while there is more than ample evidence to support the relator's unit. With respect to the Seventh Avenue units of land value, the sales show units ranging from $40,000 per unit lot to $62,500 per unit lot, with the exception of one sale in 1942 indicating a unit lot value of $100,000. Analyzing

all of these sales, the relator's unit of $65,000 per unit lot for Seventh Avenue would appear to justify the value set by relator's expert, whereas the $100,000 unit used by respondents' expert is obviously excessive.

The evidence discloses that the New York Athletic Club is a clubhouse having many of the features of a hotel or apartment hotel, which would be the best improvement for this plot. Many of the floors are so used now and those that are not could be so adapted. There are other clubs of this character in the borough of Manhattan. People live and also enjoy themselves there. No logical reason is presented why this building and also other clubhouses should each be termed a specialty in the sense that it is *sui generis* or the only one of its kind. Of course, if we so considered it, the taxes would be greater, but it occurs to this court that this is specious reasoning. Why should this and other clubhouses be given a different method of taxation than the houses next door or on the same block where people eat, dine, dance, hear lectures and even have swimming pools and places for physical exercises and sun baths. The borough of Manhattan is dotted with such places. The only difference between these structures and this clubhouse is that here the athletic features are somewhat more emphasized. This court believes that if this building were found to be a specialty, it would result in unfairness. It is just another structure used in its entirety like many other buildings and in great part like the majority of first-class apartment hotels and hotels in the borough of Manhattan. They should be taxed upon the same basis, for, otherwise, there is inequality which is forbidden by our laws. This is not a unique building such as the New York Stock Exchange (*People ex rel. N. Y. Stock Exchange B. Co.* v. *Cantor,* 221 App. Div. 193, affd. 248 N. Y. 533). That building is in a class by itself. It has no counterpart and there is no way of valuing it except by the reconstruction method of structural value.

In view of the reversal of the previous findings as to values, this court in arriving at a conclusion, has considered only the present record. It has considered and weighed all the evidence produced. An analysis has been made not only of this evidence but of the analyses made by the experts of all the sales produced. Based upon the evidence in the present record, the court finds the proper values to be as follows:

| Year | Land | Building | Total |
|------|------|----------|-------|
| 1943–1944 | $1,075,000. | $2,250,000. | $3,325,000. |

Costs to relator. Settle final order.