Callahan, J.
(dissenting). I disagree with the conclusion of the majority insofar as it recommends reinstatement of building values as assessed.
The appellants, the New York City taxing authorities, take the position *896 that the building is a “ specialty ” and, therefore, must be valued for assessment purposes at its sound structural value, i. e., the cost of reproduction less depreciation. The relator contends that the property should be assessed upon its market value as a whole and that the building was not such an unique structure that it could only be assessed on the basis of structural value. It contends that the building, a club house, might be converted into other uses, ' particularly an hotel, that it had a large number of rooms and facilities suitable for hotel use and that the building added an ascertainable value to the land.
The Special Term found that the relator’s contentions were correct.
Structural value is the ceiling at which buildings may be assessed for tax purposes (People ex rel. Manh. Sq. Beresford v. Sexton, 284 N. Y. 145),
It is a matter of common knowledge that the cost of reproduction of buildings at present is so far above market value as to have little relation thereto, and if all properties having some degree of special use are to be valued at the ceiling of values resting upon the basis of the mounting reproduction costs less depreciation, thousands of such structures in this city will be taxed presently on a basis much higher than the remaining bulk of the taxable improvements. This would result in gross inequalities and an injustice to this class of properties. I think that assessment upon the basis of structural value should be followed only in unusual cases where there is no other fair test of value. People ex rel. N. Y. Stock Exchange B. Co. v. Cantor (221 App. Div. 193, affd. 248 N. Y. 533) was such a case. The present case is not.
I believe that Special Term’s fixation of building values as well as land values in this case was warranted upon the proof.
I vote to affirm.
Cohn, Peck and Van Voorhis, JJ., concur in decision; Callahan, J., dissents in opinion.
The total value of this real estate on the assessment date for the year 1943-44 is determined to have been $3,775,000, consisting of $1,075,000 for the land and $2,700,000 for the building, as found upon the evidence. Order appealed from modified accordingly and as so modified affirmed, with $20 costs and disbursements to the appellants. Settle order on notice. [187 Misc. 31.]