Van Voorhis, J.
(dissenting). The evidence regarding the single parcel at issue upon this appeal strongly supports the order of Special Term vacating as excessive the award of $35,000 by the commissioners of appraisal. Special Term remitted the claim for a new hearing and determination before new commissioners, unless claimant would stipulate to accept $28,000. Claimant’s only expert witness upon the subject testified that the reproduction cost of the buildings, less depreciation, is $25,205.34, which would leave $9,794.66 as the land value ascribed to this one third of an acre in the hamlet of Shaver- *176 town, in Delaware County. Perhaps reproduction cost less depreciation does not constitute maximum value as matter of law in condemnation cases, as it does in tax certiorari proceedings (People ex rel. Manhattan Sq. Beresford v. Sexton, 284 N. Y. 145; People ex rel. Hotel Paramount Corp. v. Chambers, 298 N. Y. 372), but it furnishes a reliable index of maximum value as a question of fact in the absence of unusual circumstances, which have not been shown here. The value ascribed to this land alone would be even greater than this figure of $9,794.66, if claimant’s expert witness has overstated the reproduction cost of the building less depreciation. The $28,000 figure upon acceptance of which a rehearing was conditioned by Special Term, indicates a minimum land value for this parcel of $2,794.66, which would still reflect a land value in the area at a rate of more than $8,000 per acre. There can be no doubt about our jurisdiction to reinstate the order of Special Term, which set aside the commissioners’ award as excessive acting under section 15 of the Condemnation Law. Pursuant to that section, any party may move for the confirmation of the report of the commissioners, “ and upon such motion, the court may confirm the report, or may set it aside for irregularity, or for error of law in the proceedings before the commissioners, or upon the ground that the award is excessive or insufficient. If the report is set aside, the court may direct a rehearing before the same commissioners, or may appoint new commissioners for that purpose, and the proceedings upon such rehearing shall be conducted in the manner prescribed for the original hearing, and the same proceedings shall be had for the confirmation of the second report, as are herein prescribed for the confirmation of the first report.” (Italics supplied.)
That is what Special Term did in this instance. A land valuation at the rate of nearly $30,000 per acre, which is reflected by the commissioners’ appraisal, was clearly excessive. Special Term was empowered to attach a condition to the new hearing which was ordered before new commissioners, that it should be conducted only if claimant within 30 days failed to stipulate to a reduction of the award from $35,000 to $28,000. Such a condition can be attached as effectively as where a new trial is granted by the Supreme Court in an action pursuant to sections 549 or 584 of the Civil Practice Act (O’Connor v. Papertsian, 309 N. Y. 465).
*177 The order of the Appellate Division should he reversed insofar as it relates to the Amanda Fletcher parcel (parcel No.. 2259), and the portion of the order of Special Term in reference thereto should he reinstated.
Conway, Ch. J., Desmond and Fuld, JJ., concur with Froessel, J.; Van Voorhis, J., dissents in an opinion in which Dye, J., concurs; Burke, J., taking no part.
Order affirmed.