■ In the Matter of ANNA L. SHEREFF et al., Appellants, v. TAX COMMISSION OF THE CITY OF NEW YORK, Respondent.— In consolidated proceedings to review assessments of certain real property for the tax years 1963/64 through 1967/68, petitioners appeal from a final order of the Supreme Court, Queens County, dated December 3, 1968, which dismissed the petitions on the merits and confirmed the assessments, after a nonjury trial. Order reversed, on the law, without costs, and proceedings remanded to Special Term for a further hearing and a new determination based upon the testimony and exhibits received in evidence upon the hearing under review and upon such additional evidence as the parties may offer at the further hearing. The questions of fact have not been considered. In holding against petitioners, Special Term ruled that their proof was insufficient since it consisted solely of evidence of reproduction cost minus depreciation of a building which was not a specialty. The rule in this jurisdiction is well settled that in tax assessment cases the valuation placed on a building may not exceed reproduction cost less depreciation (*People ex rel. Manhattan Sq. Beresford v. Sexton,* 284 N. Y. 145, remittitur amd. 284 N. Y. 737; *People ex rel. Parklin Operating Corp. v. Miller,* 287 N. Y. 126). Special Term erroneously rejected this rule and, instead, found significant the amount of income returned by the building as well as the actual construction costs of the building. The tests utilized by Special Term should only have become operative if they produced valuations not in excess of depreciated reproduction cost. Additionally, in conclusorily holding that the actual cost of construction substantially exceeded the building assessment, Special Term made no findings concerning the sharply controverted proofs advanced by both sides on this issue. If it be found that actual construction cost is persuasive in establishing reproduction cost, then affirmative findings of fact must be made in order to assure that there can be a meaningful appellate review of Special Term's determination. Finally, unless the value of the building be found to exceed the assessed valuation of both building and land, it is incumbent upon Special Term to make a separate determination of the value of the land (see *Matter of Huie [Fletcher — City of N. Y.],* 2 N Y 2d 168, 173). This Special Term failed to do. Rabin, P. J., Hopkins, Martuscello, Shapiro and Christ, JJ., concur.

■ EMANUEL KUGLER, Respondent, v. ROSE KUGLER, Appellant.— In an action *inter alia* for divorce, defendant appeals, as limited by her brief, from portions of two orders of the Supreme Court, Kings County: (1) from so much of one order, entered January 26, 1972, as denied her motion for temporary alimony and counsel fees and (2) from so much of the other order, entered July 3, 1972, as denied her motion to resettle so much of an earlier order entered May 24, 1972, as *inter alia,* in appointing (on the court's motion) a psychiatrist to examine defendant and report to the court, directed that she bear the expense of the examination and report. Order entered January 26, 1972 affirmed insofar as appealed from, without costs. No opinion. Order entered July 3, 1972, reversed insofar as appealed from, without costs; defendant's motion to resettle the order entered May 24, 1972 granted; and it is directed that the expense of the examination and report shall be borne by plaintiff. In our opinion, the expense of the examination should be borne by plaintiff and not by defendant. Rabin, P. J., Hopkins, Martuscello, Shapiro and Christ, JJ., concur.