THE PEOPLE OF THE STATE OF NEW YORK ex rel. HOTEL ST. GEORGE CORPORATION, Respondent-Appellant, against JOSEPH LILLY et al., Constituting the Tax Commission of the City of New York, Appellants-Respondents.— Cross appeals in consolidated certiorari proceedings from an order reducing the assessments of improved real property — the Hotel St. George — in the Borough of Brooklyn, for the years 1941–1942 and 1942–1943. The assessments for the taxable years and the values fixed by the Special Term are as follows:

| *1941–1942* | *Land* | *Building* | *Total* |
|---|---|---|---|
| Assessment | $1,910,000 | $4,740,000 | $6,650,000 |
| Court's Values | 1,442,850 | 4,477,190 | 5,920,040 |
| *1942–1943* | | | |
| Assessment | $1,910,000 | $4,740,000 | $6,650,000 |
| Court's Values | 1,442,850 | 4,372,345 | 5,815,195 |

The appraisals of the defendants' and relator's experts are as follows:

| *1941–1942* | *Defendants'* | *Relator's* |
|---|---|---|
| Land | $2,224,500 | $ 705,821.33 |
| Building | 4,885,000 | 3,825,444.00 |
| *1942–1943* | | |
| Land | $2,224,500 | $ 705,821.33 |
| Building | 4,775,000 | 3,701,604.00 |

It is impossible to reconcile the above appraisals, which show a difference of approximately $1,519,000 in land value and approximately $1,060,000 in the value of the buildings. In arriving at their land values the experts employed different methods. Relator's expert arbitrarily divided the whole plot into eight areas of varying sizes and fixed varying unit values for each, adding

varying amounts for corner increments, plus $100,000 for plottage. Defendants' expert divided the entire plot into forty lots of standard size and fixed a unit value for each, adding 50% or 60% for corner increments, and 25%, 15% and 10% for key lots, depending upon their location. Although the court rejected the method of the relator's expert and adopted the method of defendants' expert, it nevertheless fixed the land value at $737,029 more than the relator's expert, and $781,650 less than the defendants' expert. In fixing his land value the relator's expert also considered forty sales within a 400-foot radius and covering a ten-year period. The court held these sales were of no aid because in the main they were of small houses " lacking comparable features to the property under review." " In assessing an improvement upon real estate for tax purposes the maximum value which ordinarily may be placed upon it is reconstruction cost less depreciation." (*People ex rel. Manh. Sq. Beresford* v. *Sexton*, 284 N. Y. 145, 149.) In arriving at their building values both experts calculated the reconstruction cost less depreciation. Relator's expert estimated the depreciation of the various buildings at percentages varying from 24% to 87%. Defendants' expert estimated the depreciation at percentages varying from 19% to 52%. Although the court rejected the depreciation estimate of the relator's expert and held that the depreciation estimate of the defendants' expert " most accurately reflects the true situation," it nevertheless fixed the building values at approximately $408,000 for the year 1941–1942 and $403,000 for the year 1942–1943 less than defendants' expert. Relator's net income in round figures, after taxes, was $407,000 for 1939; $487,000 for 1940; $542,000 for 1941; and $826,000 for 1942. While the maximum value which ordinarily may be placed upon an improvement is reconstruction cost less depreciation, the income may be weighed and considered. (*People ex rel. Manh. Sq. Beresford* v. *Sexton, supra; People ex rel. Parklin Operating Corp.* v. *Miller*, 287 N. Y. 126; *Matter of Melcroft Corp.* v. *Weise*, 256 App. Div. 291.) Relator's expert did not consider the income derived from the operation of the property, although nearly 50% of the total income was realized from the rental of rooms and stores. The court, in fixing its value, gave " limited consideration " to this evidence. The proof adduced by relator was wholly insufficient to show that the assessments were excessive and we find no basis in this record for the reductions made by the court. Order reversed on the law and the facts, and the proceeding dismissed, with fifty dollars costs and disbursements to defendants. The findings of fact set forth in the opinion of the learned Special Term are reversed. This court makes the following new findings of fact and conclusions of law: Findings of fact: the fair and actual market value of the relator's property was as follows: for each of the years, to wit, 1941–1942 and 1942–1943, land, $1,910,000; building, $4,740,000; total, $6,650,000. Conclusions of law: (1) that the assessments under review in this consolidated proceeding are not excessive by reason of overvaluation; (2) that the relator has failed to adduce proof to show that the assessments were not correct; and (3) that the assessments as fixed by the defendants should be confirmed. Cross appeal by relator dismissed, without costs. Hagarty, Acting P. J., Johnston and Adel, JJ., concur; Lewis and Aldrich, JJ., dissent and vote to affirm. Settle order on notice within ten days from the date of this decision.