THE PEOPLE OF THE STATE OF NEW YORK ex rel. HOTEL PARAMOUNT CORP., Appellant, against HARRY B. CHAMBERS et al., Constituting the Tax Commission of the City of New York, Respondents.

Argued November 17, 1948; decided January 13, 1949.

*Arthur A. Segall* and *Robert L. Pelz* for appellant. I. The Appellate Division's increase of substantially 20% over its own decision for the preceding tax year was an erroneous projection into real estate value of the 20% increase in business value reflected by the successive sales prices of $3,000,000 and $3,600,000. No other evidence in the record can account for the Appellate Division's modification. (*People ex rel. Hotel St. George Corp.* v. *Lilly*, 45 N. Y. S. 2d 599, 268 App. Div. 830, 293 N. Y. 898; *People ex rel. Hotel Astor* v. *Sexton*, 159 Misc. 280, 256 App. Div. 912, 280 N. Y. 853; *People ex rel. Manhattan Square Beresford, Inc.*, v. *Sexton*, 284 N. Y. 145.) II. The weight of all the credible evidence relevant to a determination of the value of the real estate as distinguished from the value of a going business shows no change in value in the year intervening January, 1945, and January, 1946, and fails utterly to support the Appellate Division's sharp rise in value. (*People ex rel. Hotel Astor* v. *Sexton*, 159 Misc. 280, 256 App. Div. 912, 280 N. Y. 853; *People ex rel. Manhattan Square Beresford, Inc.*, v. *Sexton*, 284 N. Y. 145; *People ex rel. Strong* v. *Hart*, 216 N. Y. 513; *People ex rel. 36 East 72nd St. Corp.* v. *Lilly*, 271 App. Div. 865; *People ex rel. Pennsylvania Tunnel & Terminal R. R. Co.* v. *Miller*, 26 N. Y. S. 2d 232.) III. The increase of over 20% in the value of the real estate within a twelve-month period, proposed by the Appellate Division modification, is the antithesis of the statutory requirement that real estate shall be assessed at its " full value " and at its value under " ordinary circumstances ". (*People ex rel. Parklin Operating Corp.* v. *Miller*, 287 N. Y. 126.)

*John P. McGrath, Corporation Counsel* (*Morris Handel* and *William F. Murphy* of counsel), for respondents. The sale and resale of the property at prices far in excess of the Appellate Division's value, numerous other sales, actual net earnings of 18%, the credible evidence of replacement cost and other indicia of value support the Appellate Division's value. The Special

Term erroneously treated a prior adjudication of value as *res judicata*. (*People ex rel. Hilton* v. *Fahrenkopf,* 279 N. Y. 49; *People ex rel. MacCracken* v. *Miller,* 291 N. Y. 55.)

FULD, J. The property, whose assessed valuation is here in issue, is land in the Times Square district of the city of New York, improved with a nineteen-story hotel structure, erected in 1928, and operated as a commercial transient hotel. For the tax year under review, 1946–1947, the assessed valuation of the property was $2,500,000, of which $430,000 represented the land valuation. The court at Special Term found a value of $340,000 for the land and a total value of $1,765,000 for the land and building. These findings were identical in amount with the values fixed for the property by the Appellate Division for the tax year 1945–1946, reviewed in an earlier tax certiorari proceeding. (*People ex rel. Chase Nat. Bank* v. *Chambers,* 272 App. Div. 877.) The assessed valuation for that earlier tax year (1945–1946) was substantially lower — $1,825,000. In the present proceeding, the Appellate Division, one Justice dissenting, has modified the determination by Special Term and found the higher values of $400,000 for the land and $2,150,000 for the land and building.

At the trial, evidence was received of a sale of the subject hotel property and business in August, 1945, to the present relator, for $3,000,000, and of a sale of the relator's capital stock in March, 1946, for $3,600,000. The earlier sale had been received in evidence in the certiorari proceedings covering the prior tax years. There was also evidence, adduced by both relator and respondents, of large earnings produced by the hotel.

It is quite clear from the record that the increase in value found by the Appellate Division was owing, not to any disagreement with the court at Special Term as to the weight to be given to the evidence of land value or structural value, but rather as to the weight to be accorded to the evidence of the sales prices of the hotel and of its yearly earnings. (See *People ex rel. Hotel Paramount Corp.* v. *Chambers,* 273 App. Div. 962, particularly opinion of DORE, J., dissenting.) Concededly, the sales prices of the hotel enterprise, as well as the hotel income, reflected not only the value of the real estate — the only proper subject of the real property tax — but the

worth of such additional elements as management, good will, hotel furniture and furnishings, inventory of food and beverages and the usual hotel services. The manner of determining what portion of the sales prices and of the yearly income is attributable to the real estate and of segregating that from the portion derived from the other items, the record does not disclose. In these circumstances, the valuation of a transient hotel property is in essence the valuation of a " specialty ", a term including real estate, which, unlike an apartment house or office building, produces income only in combination with a business conducted upon it. (See *People ex rel. Hotel St. George Corp.* v. *Lilly*, 293 N. Y. 898; *Matter of City of New York [Chrystie St.]*, 236 App. Div. 321, affd. 260 N. Y. 583; *People ex rel. Hotel Astor* v. *Sexton*, 159 Misc. 280, affd. 256 App. Div. 912, leave to appeal denied 280 N. Y. 853; *Banner Milling Co.* v. *State of New York*, 240 N. Y. 533, 540.) The relevance of income or profit produced in the operation of such specialty property is necessarily limited — in the valuation of the real estate — to the inquiry whether the structural improvements are suitable to the site and whether the full structural value of the building may be added to the value of the land. (See *People ex rel. New York Stock Exch. Bldg. Co.* v. *Cantor*, 221 App. Div. 193, affd. 248 N. Y. 533; *Matter of City of New York [Chrystie St.]*, 236 App. Div. 321, affd. 260 N. Y. 583, *supra*; *Matter of City of New York [Blackwell's Is. Bridge]*, 198 N. Y. 84, 86.)

Giving to the hotel income or to the sale of the hotel enterprise any additional weight was error for an additional reason, having to do more particularly with the valuation of the building. Structural value fixes the maximum value even of an apartment house or office building whose income if capitalized would indicate a higher valuation. (See *People ex rel. Manhattan Square Beresford, Inc.*, v. *Sexton*, 284 N. Y. 145, 149; *People ex rel. Parklin Operating Corp.* v. *Miller*, 287 N. Y. 126, 131.) The principle enunciated in the *Beresford* and *Parklin* cases (*supra*) is clearly applicable to a transient hotel whose income reflects the additional elements of management, good will and personal property. (See *People ex rel. Hotel St. George Corp.* v. *Lilly*, 293 N. Y. 898, *supra*.) It is a necessary corollary that a sale of the capital stock of a hotel enterprise cannot be

evidence of a value in excess of the replacement cost of the building. As the record demonstrates, both opposing experts added to their estimates of land value the full structural value of the hotel building. Since the Appellate Division was evidently not in disagreement with Special Term as to the structural value, its increased finding of building value was error.

The order of the Appellate Division should be reversed and the order of the Special Term affirmed, with costs in this court and in the Appellate Division.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND and DYE, JJ., concur.

Order reversed, etc. [See 298 N. Y. 919.]