## (March 11, 1952.)

THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE LINCOLN, INC., Appellant-Respondent, against WILLIAM E. BOYLAND et al., Constituting the Tax Commission of the City of New York, Respondents-Appellants.

*Per Curiam.* Since the relator's last prior judicial proceeding, addressed to the assessment of 1944–45, there is proof of very substantial increases in the depreciated reconstruction cost of the Hotel Lincoln structure for the five years 1945–46 to 1949–50 embraced in these certiorari proceedings.

The hotel structure being a specialty, the income produced in its use was relevant to the weight to be attached to the structural value of the improvement. (*People ex rel. Hotel Paramount Corp.* v. *Chambers,* 298 N. Y. 372.)

The income produced is germane, at least, to the question of suitability of the structure to the occupied land; and the income and the proof of structural value lead us to think that the view of the Special Term on the assessment of the improvement should be revised. The order of the Special Term fixing the assessment on the land should be affirmed; the order in respect of the improvement should be modified by fixing the assessments thereon as follows: 1945–46, $2,500,000; 1946–47, $2,500,000; 1947–48, $2,500,000; 1948–49, $2,600,000; 1949–50, $2,600,000; and as so modified the order should be affirmed, with $20 costs and disbursements to the defendants.

DORE, J. (dissenting). On tax assessments affecting the subject property in a prior appeal to this court covering the three years 1942–43 to 1944–45, immediately preceding the years now reviewed, this court modified the Special Term by increasing its valuation on land and building in each of those years (*People ex rel. The Lincoln* v. *Chambers,* 271 App. Div. 998); but on further appeal the Court of Appeals reversed this court (*People ex rel. The Lincoln* v. *Chambers,* 299 N. Y. 754) and reinstated entirely the Special Term's values on both land and building: land at $880,000 in each year, building in the precise amounts found by the Special Term including a building value of $2,370,000 for the last year there in question, viz., 1944–45.

For all of the subsequent five years now before us, beginning in January, 1945, the Special Term fixed the values for each year at the values approved by the Court of Appeals for the year *immediately* preceding the first year here involved, viz., land $880,000, building $2,370,000.

Nevertheless, a majority of this court again raises for the first three years the building value to $2,500,000, the identical figure, practically, this court had erroneously fixed and the Court of Appeals had reduced for the year 1944–45 and further increases the building value by an additional $100,000, or $2,600,000, for the remaining years before us. In my opinion, as the Court of Appeals said on the prior appeal on the subject property, " the weight of the evidence supports the findings of the Special Term " (299 N. Y. 754, 755) and the order appealed from should be affirmed.

In so ruling on the prior appeal, the Court of Appeals necessarily held that the depreciated reproduction costs of the building for the last year there in question, the year immediately preceding the first year now reviewed, was not in excess of the building values fixed by the Special Term, viz., $2,370,000. The chief basis stated for the present proposed increases in building values is substantial increase in depreciated reconstruction costs of the hotel structure itself. Structural value, reconstruction costs less depreciation, is the *maximum* possible value even of properties that, unlike the hotel here in question, do not involve the operation of a business as such (*People ex rel. Manhattan Square Beresford, Inc.,* v. *Sexton,* 284 N. Y. 145, 149; *People ex rel. Parklin Operating Corp.* v. *Miller,* 287 N. Y. 126). Normally, replacement cost method as a means of valuing real property is not applicable if there is a market from which market value can otherwise be obtained (Babcock on Valuation of Real Estate, Method VII; Replacement-Cost Method, p. 171). In the case of hotel property, if income is considered, the appraiser must be careful to eliminate business income as such; for a hotel is a business and, for the success of its operations, depends on skill in business management and many other factors apart from those which might be considered mere rental income (*People ex rel. Hotel St. George Corp.* v. *Lilly,* 45 N. Y. S. 2d 599, revd. 268 App. Div. 830, revd. 293 N. Y. 898). In any event, the reconstruction method represents the

*ceiling* of value. In appraising a hotel which is too large and is one with diminishing patronage, the cost of reproduction would have little bearing on its value (Orgel on Valuation under Eminent Domain, §§ 195–196).

This property is located on the east side of Eighth Avenue from 44th to 45th Streets on the western fringe of the Times Square area. It is an enormous hotel of twenty-eight stories covering a whole block front with about 1,317 rentable rooms and a number of public rooms including a cafeteria, bar, restaurants and other usual hotel business accommodations; it was built at the peak of the 1928 boom; it suffers from physical depreciation to an exceptional degree.

Today, a purchaser seeking to purchase the hotel as an investment would not set its value on the basis of present day reconstruction costs (which surely cannot be said to be " under ordinary circumstances ", Administrative Code of City of New York, § 158–1.0, subd. b) ; but would buy or not buy on the basis of whether or not the investment now is and, equally important, is likely to continue to be a profitable investment. The relator adduced evidence to show that in the years herein reviewed, the operation reflected an increasing fall in occupancy rate, alleged in 1949 to be less than half of that of five other competitor hotels, in the same district; and there was expert evidence to show that was the prognosis for the immediate future.

There have been no structural or material changes in the building since the last year reviewed by the Court of Appeals; and the first two years herein were, as in the prior years, accompanied by frozen costs. The weight of the credible evidence supports the building value fixed by the learned Special Term in accordance with the figures determined by the Court of Appeals in the last appeal to that court.

For the reasons stated, I dissent and vote to affirm in all respects the findings of the learned Special Term.

Peck, P. J., Shientag and Bergan, JJ., concur in *Per Curiam* opinion; Dore, J., dissents in opinion in which Cohn, J., concurs.

Order fixing the assessment on the land affirmed; order in respect of the improvement modified by fixing the assessments thereon as stated in the opinion herein and, as so modified affirmed, with $20 costs and disbursements to the defendants. Settle order on notice.