■ In the Matter of SPERRY RAND CORPORATION, Appellant, against BOARD OF ASSESSORS, COUNTY OF NASSAU, Respondent.— Appeal from an order, made by an Official Referee after a hearing, which increased the assessment of the land for each of the tax years 1956, 1957, 1958 and 1959 from $1,251,643 to $1,324,800 and reduced the assessment for the property with the improvements thereon for each of said tax years from varying amounts approximating $12,500,000 to the single amount of $9,978,326. The appellant contends that the reductions were inadequate. Order modified upon the law and the facts by striking from the first ordering paragraph the figure "$9,978,326" opposite each of the tax years 1956, 1957, 1958 and 1959, and by substituting respectively therefor the figures "$9,284.987", "$9,466,217", "$9,801,601" and "$9,843,-254". As so modified, order unanimously affirmed, with costs to appellant. Findings of fact insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated herein. The credible evidence supports the conclusions that the buildings in question were a specialized type of improvement and constitute an entity which was constructed for, and is peculiarly adapted to, the conduct of appellant's business, and that the property cannot be converted to general industrial use without the loss or expenditure of a very substantial amount of money. In these circumstances, the Referee properly gave controlling effect to reproduction cost less depreciation based on existent use. The record does not sustain the Referee's allowance of the same percentage of depreciation for all the years involved. In allowing depreciation, the Referee assumed that the buildings had been in existence for 15 years and allowed 28% depreciation for each of the four years, computed on the basis of the 1959 tax year reconstruction cost only. Some of the buildings upon which such reproduction cost was computed were not in existence on the valuation dates in 1956, 1957 and 1958. The Referee accepted as a basis for his computation the estimates of appellant's expert, one Stone, whose estimates were different for each of the four years. The reproduction cost less depreciation should be computed separately for each year. The reproduction cost is computed on the basis of Stone's figures for each year and adding thereto the reproduction cost of the

bus duct, vacuum system, air-conditioning units (less the overvaluation), signal system and clock system. Depreciation is computed on the basis of 28% for 1959, as determined by the Referee. Therefore, depreciation is deducted in the amounts of 22.42%, 24.28% and 26.14% for the tax years 1956, 1957 and 1958, respectively (an annual rate of 1.86% based on 28% for 15 years). The record does not support the Referee's valuation of $549,000 for the package-type air-conditioning units which were included in reproduction cost. Concededly, these items were worth at least $80,000. The valuation of the buildings prior to application of the stipulated equalization rate should therefore be reduced by $469,000. Present — Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ.