In the Matter of the CITY OF NEW YORK, Respondent, Relative to Acquiring Title to Real Property Located on East Houston Street and Other Streets in the Borough of Manhattan, Required for Operating a Portion of a Rapid Transit Railroad. JOSEPH KRAMER REALTY CORP., Appellant.

First Department, April 3, 1962.

*Bernard L. Bermant* of counsel (*Skinner & Bermant, Leddy & Raber,* attorneys), for appellant.

*Milton H. Harris* of counsel (*Seymour B. Quel* with him on the brief; *Leo A. Larkin, Corporation Counsel*), for respondent.

*Per Curiam.* Certain appellants herein have withdrawn their appeals. The sole remaining appeal in this condemnation proceeding is by the owner of three contiguous parcels at the corner of Chrystie and Stanton Streets, Manhattan. The property is improved by a two-story factory building. The court found the value of the land to be $67,650. On this appeal, appellant is not contesting that finding. The court found the value of the building to be $140,000, and this finding is the subject of the appeal.

Appellant is in the business of fabricating, warehousing and selling formica panels. The building was erected by the appellant for this purpose. To this end its construction, while not unique in the sense that it is the sole building designed for this or an allied purpose, is at least distinctive and unusual. It is a two-story building with the second story hung from the roof. The purpose of this construction is to provide a clear working space on the main floor without the interference of columns or interior wall supports. This is necessary so that the large panels can be handled without interference and to allow access to the interior by trucks large enough to haul the unwieldy slabs and the finished product.

Appellant relied on reproduction cost less depreciation as a test of value. Its expert gave this figure as $193,000. The city did not dispute the figure but only the method of assessment. We have had occasion to point out recently (*Matter of City of New York* [*Maxwell*], 15 A D 2d 153, 171) the proper method of appraisal for owner-occupied commercial buildings containing unusual features. If the unusual features are not structural but merely improvements on the standard type of building, value is determined on a basis of the rental value of such a building. But when the business of the owner necessitates a structure of a character not to be found, reconstruction cost is the only feasible method of fixing value (*People ex rel. New York Stock Exch. Bldg. Co.* v. *Cantor*, 221 App. Div. 193, affd. 248 N. Y. 533). This building lies within those extremes. There are other businesses with the same problems of storage and handling which would either require or could conveniently use a building such as this. Appraisal based on rental value is therefore a possibility. The possibility would eventuate into fact on a showing that there are other rentable buildings with the essential distinguishing features; or it might be shown, by proper accounting proof, that businesses of this character commonly allot a specified portion of their receipts to rent. If such proof is tendered, it would overcome the contention that the only fair method of appraisal was reconstruction cost. And an appraisal projected on the results would be acceptable.

No such proof was offered. It being appellant's contention that none exists, it cannot be charged with the burden of going forward to introduce it. The failure of the city to offer any such proof leaves the record with the uncontested testimony of replacement cost as the only tenable method of fixing value.

The decree should be modified, on the law and on the facts, to increase the building value to $193,000 and the total value to $260,650, and, as so modified, should be affirmed, with costs to the appellant.

VALENTE, J. P., McNALLY, STEVENS, STEUER and BASTOW, JJ., concur.

Decree unanimously modified, on the law and on the facts, to increase the building value to $193,000 and the total value to $260,650, and, as so modified, affirmed, with costs to the appellant. Settle order on notice.