(May 19, 1966)

■ GLENORA MOSIER, Respondent, v. VAN DER HORST RESEARCH CORPORATION et al., Appellants.

APPEAL from an order of the Supreme Court at Special Term, entered March 10, 1965, in Erie County, which denied a motion by defendants for an order granting a protective order.

Order modified in accordance with memorandum and, as modified, affirmed, without costs of this appeal to either party. Memorandum: Defendants moved for a protective order after plaintiff as part of a pretrial examination demanded that defendants produce all prelitigation reports of the accident made by the individual defendant to his employer, the codefendant, or to the insurance carrier of either or both defendants. Special Term erred in denying the application as to reports made to any insurance carrier (*Kandel* v. *Tocher*, 22 A D 2d 513). Upon the record before us, however, Special Term properly denied the application as to reports made by the said employee to his employer. In moving for such relief defendants submitted an affidavit containing conclusory allegations that the reports sought to be discovered were not material and necessary, were privileged and contained material prepared for litigation. In the absence of facts to support these conclusions defendants were not entitled to affirmative relief. (Cf. *Metropolitan Life Ins. Co.* v. *Lane Klinow & Co.*, 23 A D 2d 646.)

GOLDMAN, J. (concurring). I concur with the granting of defendants' motion as to reports made to their insurance carrier. Plaintiff's notice requiring the oral deposition of defendants demanded that there be produced upon such examination "all prelitigation reports of the accident made by the defendant John K. Llewellyn to either the defendant Van Der Horst Research Corporation or to the insurance carrier of either or both defendants". The effect of Special Term's denial was to require defendants to produce the report of the accident made by defendant employee to defendant employer and the report made by defendant employer to its insurance carrier, both of which reports were made prior to the institution of suit. The only affidavit before the court was that of defendants' attorney in support of their motion and the only statement relating to the relevancy of the two reports was the conclusory assertion that "said matters are not material and necessary to the prosecution of this action * * * [and] contain material prepared for litigation". Special Term's memorandum states that "The * * * affidavit * * * for the defendants admits the existence of prelitigation reports, but fails to show that they are not material or necessary to the prosecution of the action."

Although judicial authority has generally agreed that the Civil Practice Law and Rules favor broad disclosure and liberality in these matters, we are not prepared to extend disclosure to encompass statements made by a defendant to his insurance carrier, whether made prior to or after the institution of suit.

Special Term's conclusion that this court in *Cataldo* v. *County of Monroe* (19 A D 2d 852) indicated a favorable expression for disclosure of reports to insurance carriers is erroneous, for the facts and the decision in that case are clearly distinguishable from the case at bar. The statements and reports in *Cataldo* were in the possession of a carrier which had been involved in companion litigation which had been settled and terminated and the fact situation was quite dissimilar from the usual case involving a report by a party to his insurance carrier, as in the instant appeal. Our position is well set forth by the First Department in *Kandel* v. *Tocher* (22 A D 2d 513) in the following statement at page 515: "once an accident has arisen there is little or nothing that the insurer or its employees do with respect to an accident report except in contemplation and in preparation for eventual litigation or for a settlement which may avoid the necessity of litigation. * * * On this view, automobile liability insurance is simply litigation insurance." The rule of nondisclosure laid down in *Kandel* has been similarly expressed in *Gunther* v. *Roaman's* (24 A D 2d 738); *Ehrlich* v. *Kubis* (23 A D 2d 782); *Zavaglia* v. *Engert* (23 A D 2d 790); *Cohen* v. *Hardy* (23 A D 2d 793); and *Finegold* v. *Lewis* (22 A D 2d 447).

Ours is an adversary system and the principal concern of any liability insurance company is litigation; all its actions and motives are centered about that concern. It naturally follows that all its activity from the date of the accident is related to preparation for litigation. For this reason statements made to the carrier come under the exclusion found in CPLR 3101 (subd. [d]). It may well be that disclosure of such a statement might be permitted in a particular case where the circumstances demonstrate that a denial of disclosure would result in injustice or undue hardship. It is not necessary to determine that question here for no such showing has been made.

I also agree that defendants' motion should be denied so far as it relates to the demand for production of the employer-employee report. I would, however, bottom this denial on broader grounds than those asserted in the majority memorandum. This brings us to the most singularly difficult area of discovery. In all cases when a party seeks an intra-company report of the accident the defense of "statement prepared for litigation" is invariably raised. The problem is, indeed, complicated by the fact that such statements have a dual purpose: (1) to inform the company of the happening of the accident and assist it in considering and formulating its safety policies as a part of the regular internal operation of the company, and (2) for use in preparation for possible future litigation. The fact that the report is made "in the regular course of business" surely is inconsistent with the claim that it was prepared solely for litigation. Under the full disclosure provisions of CPLR 3101, in the absence of any showing that the report was material prepared only for litigation, the liberal discovery procedures should be advanced by denying a protective order as to this statement. (See *Welch* v. *Globe Ind. Co.*, 25 A D 2d 70; *Metropolitan Life Ins. Co.* v. *Lane Klinow & Co.*, 23 A D 2d 646.) Although the Civil Practice Act wording of "material and necessary" was retained in the CPLR, I concur with the interpretation of this clause as discussed in Weinstein-Korn-Miller (vol. 3, N. Y. Civ. Prac., pars. 3101.07–3101.08) where it is recommended that in order not to restrict the usefulness of pretrial disclosure: "CPLR 3101 (a) should be interpreted to allow discovery of testimony which is sufficiently related to the issues in litigation to make the effort to obtain it in preparation for trial reasonable." The courts, including our own, have broadly read the "material and necessary" provision so that it would include anything which is apparently relevant or could become relevant. "The purpose of disclosure procedures is to advance the function

of a trial to ascertain truth and to accelerate the disposition of suits. * * * that the Civil Practice Law and Rules 'shall be liberally construed to secure the just, speedy and inexpensive determination of every civil judicial proceeding'" (*Rios* v. *Donovan,* 21 A D 2d 409, 411; see, also, *Matter of Comstock,* 21 A D 2d 843; *Padilla* v. *Damascus,* 16 A D 2d 71; *Faas* v. *General Acc. Fire & Life Ins. Co.,* 12 A D 2d 707.) The term "necessary" has been likewise read (even pre-CPLR) and such statements as the following are found: "a liberal and practical view should be taken of what is necessary. There is so much merit in a disclosure of the facts in advance of trial that it should be allowed whenever legitimately sought." (*Marie Dorros, Inc.* v. *Dorros Bros.,* 274 App. Div. 11, 13–14). In my judgment, such an interpretation is correct and serves to advance the CPLR's obvious mandate of a system of full disclosure.

When, as in the case at bar, plaintiff seeks a report made concerning the accident, he is seeking something which is, on its face, prima facie "material and necessary". If one seeks a protective order, and thus places a roadblock in the way of full disclosure, it should be the burden of the moving party to support his contention. On its face nothing can be more apparently relevant to plaintiff than a report of an employee concerning the accident. Plaintiff has no idea of what is in it or what it may lead to; but is not that they very purpose of disclosure? When defendant then contends that the item sought is not material and not necessary, defendant is in the best, perhaps the only, position to demonstrate that fact. This burden should be placed upon him, and the burden is not met by the mere conclusory allegation, without more, that the item sought is not "material and necessary". Unless the courts weigh the procedures surrounding disclosure in favor of those seeking disclosures, then all prior statements of liberality will have been in vain.

Williams, P. J., Bastow, Henry and Del Vecchio, JJ., concur in Memorandum; Goldman, J., concurs in separate opinion.

Order modified and as modified affirmed, etc.