■        F. W. WOOLWORTH COMPANY, Respondent, v. COMMISSION OF TAXATION AND ASSESSMENT OF THE CITY OF PLATTSBURGH, Appellant. S. S. KRESGE COMPANY, Respondent, v. COMMISSION OF TAXATION AND ASSESSMENT OF THE CITY OF PLATTSBURGH, Appellant. VERDUN RADIO CENTRE, INC., Respondent, v. COMMISSION OF TAXATION AND ASSESSMENT OF THE CITY OF PLATTSBURGH, Appellant.— STALEY, JR., J.   Under consideration are four appeals from judgments reducing the assessed valuations of respondents' respective properties for the tax years 1963 and 1964, in proceedings instituted under article 7 of the Real Property Tax Law.   Respondent Woolworth owned the property at 14–18 Margaret Street and respondent Kresge owned property located at 10–12 Margaret Street in the City of Plattsburgh, New York, that street being the main business street in the city.   Both properties were owner occupied and used as retail stores.   Woolworth's assessment for the year 1963 was as follows:  Land, $81,290; Building, $119,740; Total, $201,030.   Kresge's assessment for the year 1963 was as follows:  Land, $46,090; Building, $36,340; Total, $82,430.   It is conceded by all parties that the City of Plattsburgh assessed its real property at 50% of its true value.   The only issue involved in the proceeding was the question of whether or not the assessments made by the appellant were based on over-valuations of the properties.   It was stipulated that the trial court could base its decisions in the 1964 assessment proceedings on the record in the 1963 assessment proceedings and that, in addition, the court could also consider as evidence the fact that the Kresge property was under contract of sale dated September 29, 1964 for $75,000.   A comprehensive statement of the facts is reported in the trial court's opinion at 45 Misc 2d 701. The evidence established that since 1958, three large shopping centers had been constructed in the Plattsburgh area with large off-street parking areas resulting in syphoning off business from the former central shopping area on Margaret Street.   It was further established that the gross annual sales for the Woolworth store fell from $815,026 in 1958 to $475,059 in 1963 and for the Kresge store from $233,688 in 1958 to $126,619 in 1963.   Respondents' expert real estate witness, Clute, testified that the full value of the Woolworth property was $277,600 and that the full value of the Kresge property was $107,500 using, as a method of appraisal, reproduction costs less depreciation.   In addition he took into consideration, in relation to depreciation, the economic obsolescence and physical depreciation of the properties.   Respondents' second expert real estate witness, Webb, who was qualified as having wide experience in national chain variety store rentals and appraisals, testified that national chain variety stores paid annual rentals of 5% of annual gross sales and, applying that method to the annual gross sales for 1963 of the Woolworth and Kresge stores after deducting insurance and repair expenses, and capitalizing at a rate of 10.75%, he arrived at a value for the Woolworth property of $200,000, and for the Kresge property a value of $60,000.   He also applied the same method by using the average three year annual gross sales (1961–62–63) and arrived at a value for the Woolworth property of $240,000, and the Kresge property of $74,000.   Appellant's real estate expert, Birmingham, testified that his appraisal of the properties was arrived at by using reproduction costs less depreciation and that he did not take into consideration the factor of economic obsolescence.   In addition he testified that he averaged four different methods of valuation, namely, cost

approach, building residual, land residual and market value. His valuation for the Woolworth property was $402,218, and for the Kresge property $186,450. In *Matter of Putnam Theatrical Corp.* v. *Gingold* (16 A D 2d 413, 417) the term "depreciation", as used in the cost of reproduction less depreciation method of appraising property was defined as follows: "Depreciation includes physical depreciation, functional obsolescence and economic obsolescence. Physical depreciation is wear and tear occasioned by use and the elements. 'Functional obsolescence is loss of value brought about by failure or inability to deliver full service.' * * * Economic obsolescence is loss of value brought about by conditions that environ a structure, such as a declining location or the downgrading of a neighborhood resulting in reduced business volume." An outstanding bona fide lease and the rental income established thereby are matters to be considered in determining full value of the properties for tax assessment purposes. Value arrived at by capitalization of the fair rental value is, in ordinary cases, the surest guide to a sound appraisal. In that connection, the actual rent realized is significant as an important factor in determining what the fair rental value is (*People ex rel. Gale* v. *Tax Comm.*, 17 A D 2d 225, 230; *Matter of City of New York [Madison Houses]*, 17 A D 2d 317). The main issue on this appeal relates to the question of the admissibility of the testimony of the expert witness Webb and the degree of weight, if any, that should be attributed to it. Webb's basis for his valuation was an assumed rental of 5% of a three-year average of annual gross sales and a one-year annual gross sales capitalized to establish full value of the properties. Assuming that the custom throughout the nation is generally to base long term leases for national chain variety stores on annual gross sales figures, it seems reasonable to permit an owner-occupied national chain variety store to offer in evidence its annual gross sales figures and suggest a property valuation for real property tax assessment purposes by applying a capitalization percentage rate to such figures. However, such a valuation may not be conclusive in determining the value of the property and in each case the weight to be given it will depend on the circumstances and the value of the property will become only one element for consideration with all other relevant factors. The trial court found that although the full values of the properties as claimed by the respondents were well over the values of its appraisers they were within the scope of the expert testimony and such valuations as claimed were approved. The trial court also found that the approved valuations could be sustained if only the evidence of the witness Clute was considered so that if the testimony of the witness Webb was inadmissible the valuations should nevertheless be sustained. We find that the record justifies reductions to amounts consistent with the testimony of the witness Clute but not beyond them, so that the reductions directed upon the 1963 roll are affirmed and those directed for 1964 are modified by decreasing the Kresge assessment to $53,750, rather than to $47,000 as directed by the trial court, and the Woolworth assessment to $138,800 rather than $129,500 as directed by the trial court. Judgments modified, on the law and the facts, in accordance herewith, and, as so modified, affirmed, with one bill of costs to respondents. Gibson, P. J., Herlihy, Taylor and Aulisi, JJ., concur.