Joseph Jiudice, J.
This is an application by the above-named petitioner for a writ of error coram nobis. This court has read the entire record in this case including the answering affidavit submitted by the District Attorney’s office in opposition to the application and the affidavit of the petitioner’s assigned counsel which sets forth certain reasons questioning the validity of the remedy presently pursued by the petitioner.
*56 It appears that the petitioner is presently confined to the Dannemora State Hospital, Dannemora, New York. The record indicates that the petitioner was confined to the Eastern Correctional Institution at Napanoeh, New York, by order of this court dated November 16, 1956, pursuant to section 438 of the Correction Law. At that time the petitioner was certified as a mental defective. On September 2, 1965, the petitioner was transferred from that institution to the Dannemora State Hospital at Dannemora, New York. The applicant now claims, in substance, that Ms confinement in Dannemora State Hospital is in violation of his constitutional rig'hts.
By virtue of the original commitment to the Eastern Correctional Institution, this court was and still is divested of jurisdiction over the matter (Correction Law, §§ 438, 440). It would appear that the petitioner’s application to this court in the nature of a writ of error of coram nobis is not the proper remedy. If the petitioner wishes to test the validity of Ms present confinement at Dannemora State Hospital, he must do so by means of a "writ of habeas corpus which must be initiated in the judicial district wherein Dannemora State Hospital is located. Likewise, if the petitioner seeks release from Ms present confinement, his sole remedy is by application to the Commissioner of Mental Hygiene, pursuant to subdivision 3 of section 87 of the Mental Hygiene Law.
In view of the foregoing, this court must deny the present application in the nature of a writ of error coram nobis on the grounds that it is an improper remedy.