Howard T. Hogan, J.
In this tax certiorari proceeding, the respondent county moves for an order compelling the taking of testimony and the production of income, expense and sales statements for the years in question.
The petitioner does not contend that the examination into these items is proscribed by either privilege or statute, but resists the application primarily on the grounds that such information is irrelevant.
There is no question that under usual circumstances the cost of reproduction less depreciation when added to land value provides a ceiling on an assessed valuation regardless of the income from the property (People ex rel. Manhattan Sq. Beresford v. Sexton, 284 N. Y. 145; People ex rel. Parklin Operating Corp. v. Miller, 287 N. Y. 126; Lee & Le Forestier, Review and Reduction of Real Property Assessments, § 1:21, p. 20).
The subject property is utilized as a large Abraham & Strauss department store in Hempstead, New York. The petitioner’s attorney has elected to present his client’s claim solely on the basis of cost less depreciation plus land value. In effect, he is conceding that the structure is suitable to the site and that its full value is to be added to the full value of the land (see People ex rel. Hotel Paramount Corp. v. Chambers, 298 N. Y. 372, revg. 273 App. Div. 962; People ex rel. New York Stock Exch. Bldg. Co. v. Cantor, 221 App. Div. 193, affd. 248 N. Y. 533).
No unusual circumstances have been shown which would indicate that the accepted ceiling on assessed valuation should be removed in this case.
That being the case, the question of income has become irrelevant and the motion is accordingly denied.