## (June 23, 1969)

■ In the Matter of HARRY J. COMAN, Respondent. SAMUEL GREASON, Petitioner.— Motion by respondent to vacate the order of this court, entered May 1, 1967, which disbarred him from the practice of law. Motion denied. Christ, Acting P. J., Rabin, Hopkins, Benjamin and Kleinfeld, JJ., concur.

■ In the Matter of FEDERATED DEPARTMENT STORES, INC., Respondent, v. EMIL M. PODEYN et al., Constituting the Board of Assessors of the County of Nassau, Appellants.— In a proceeding to review an assessment upon real property for taxation, the Board of Assessors of the County of Nassau appeals from an order of the Supreme Court, Nassau County, entered October 14, 1966, which denied so much of its motion for disclosure as sought production of statements of income and expenses and records of sales volume "pertaining to the subject property." Order affirmed, with $20 costs and disbursements. Supplementing the opinion of the Special Term, to which we fully subscribe, we additionally note that we find no justifiable basis, in situations such as the one at bar, for the board's suggestion that the rule in this State, which establishes reproduction cost less depreciation plus land value as a maximum predicate for an evaluation for tax assessment purposes, be discarded. Moreover, since the documents in question relate to the income, expenses and sales of a business conducted within the improvement and not to income attributable to the realty itself, they are limited in relevance to an inquiry whether the structural improvement is suitable to the site and whether the structural value of the subject building may be added to the value of the land (People ex rel. Hotel Paramount Corp. v. Chambers, 298 N. Y. 372, mot. to amd. remittitur den. 298 N. Y. 919; People ex rel. Lincoln, Inc. v. Boyland, 279 App. Div. 882, revd. on other grounds 306 N. Y. 817; People ex rel. Hotel St. George Corp. v. Lilly, 45 N. Y. S. 2d 599, revd. on other grounds 268 App. Div. 830, revd. 293 N. Y. 898; 96 ALR 2d 680). As stated by the Special Term, petitioner in effect concedes the suitability of the improvement to the site and that its structural value may be added to the land value. Accordingly, the income produced in the operation of this "specialty property." is academic and irrelevant. Under the circumstances, the production of the documents and records in question would serve no constructive purpose and would only render ineffective petitioner's professed policy not to publicize the income and sales of its individual stores, which policy, absent petitioner's consent, should not be unnecessarily frustrated. Beldock, P. J., Christ, Rabin, Benjamin and Kleinfeld, JJ., concur. [ 51 Misc 2d 555.]