In the Matter of the GREAT ATLANTIC & PACIFIC TEA COM-
PANY, INC., Respondent, v THOMAS J. KIERNAN, as Asses-
sor of the Town of Horseheads, et al., Appellants.

Third Department, July 24, 1975

*Louis J. Mustico* for appellants.

*Sayles, Evans, Brayton, Palmer & Tifft (Edward B. Hoffman*
of counsel), for respondent.

LARKIN, J. The appellants are the assessors and the Board
of Review of the Town of Horseheads, Chemung County, New
York (assessors) and the respondent is the Great Atlantic &

Pacific Tea Company, Inc. (A & P). At issue herein is the proper method of valuation for tax purposes of the property of the A & P situate in the Town of Horseheads.

It is undisputed that the property was assessed for $4,683,-000 at an equalization rate of 21%. This would give full value to the property of $22,300,000. The assessment was contested and at the proceeding below the appellants' expert testified that the value of the property was $19,200,000, based upon reproduction cost less depreciation. The trial court, upon consideration of the appraisals using the market value approach submitted by the respondent, and after making its own calculation, determined the fair estimate of value for tax purposes to be $13,900,000, with a resultant assessment of $2,919,000. It is from this determination that the assessors appeal.

The underlying issue to be resolved on this appeal is whether the property in question constitutes a "specialty". If it does, reproduction cost less depreciation is the proper method of valuation. If it does not, reproduction cost is admissible only to establish a maximum value. If the property in question is not a specialty and does have market value, then the proper method of valuation is not replacement cost alone (Matter of Pepsi-Cola Co. v Tax Comm. of City of N. Y., 19 AD2d 56). Courts have defined a "specialty" as a building or buildings constructed or peculiarly adapted to the conduct of the owner's business which cannot be converted to general industrial use without the loss or expenditure of very substantial amounts of money (Matter of Sperry Rand Corp. v Board of Assessors, County of Nassau, 10 AD2d 720). Typical specialties are the New York Stock Exchange and race tracks (People ex rel. New York Stock Exch. Bldg. Co. v Cantor, 221 App Div 193, affd 248 NY 533; People ex rel. Metropolitan Jockey Club v Mills, 190 Misc 277).

The property in question consists of a concrete, industrial type building with a floor area of 1,544,919 square feet located on 95.735 acres of land. It is one of the largest food processing plants in the world, with many unique features including 12,000 square feet of sub-zero freezer space, temperature control systems constructed for various types of food production, 73 truck loading areas, three inside railroad sidings, gravity feed processing operations, laboratory facilities, special employee walkways and underground tunnels for utility services. This building, of gigantic proportions, was built and

adapted by A & P to receive raw materials at one end, with finished products picked up for delivery at the other.

Appellants urge that the building is a specialty, not only because of size and structure, but also because it has no market value. They argue that there are no buildings in the immediate locale of similar size and construction, the sales of which the assessors might examine in order to come to a conclusion as to the market value of the building in question. In trying to determine market value, the best evidence, of course, would be a recent actual sale at arm's length made under normal conditions with no unusual factors affecting the transaction. As in the instant case, when there have been no sales of the subject property, evidence of sales of other properties is persuasive when such other property is in all respects similar to the subject property *(People ex rel. Hotel St. George Corp. v Lilly,* 268 App Div 830, revd on other grounds 293 NY 898). The cases have generally held that the similar properties must be in the immediate area *(Westbury Drive-In v Board of Assessors of County of Nassau,* 70 Misc 2d 1077). In the trial court evidence was received of comparable sales of buildings, all located 500 to 1,000 miles outside of New York State.

The question of whether to receive evidence of sales of properties beyond the immediate vicinity of the subject property is a matter resting in the sound discretion of the Trial Judge *(United States v 25.406 Acres of Land,* 172 F2d 990; *Levin v State of New York,* 13 NY2d 87). Nevertheless, an examination of those and other cases fails to reveal any instance in which comparable sales of out-of-State properties 500 to 1,000 miles away were used. Indeed, in all cases, the comparables used were but a few miles distant from the subject property. The requirement that sales of other parcels used as comparables should not be too remote in location has been recognized by leading experts in land valuation (Orgel, Valuation Under Eminent Domain, § 138; Lee and LeForestier Review and Reduction of Real Property Assessments, § 1:19; American Appraisal Journal, 1974; *People ex rel. Parklin Operating Corp. v Miller,* 287 NY 126).

In the instant case, the testimony was that there was no significant adjustment for location between the subject property and the comparables as far away as Tennessee and Ohio because in the case of distribution plants of this size which handle regions of the United States, location makes little difference as long as the property in question has access to

rail service and interstate highways. With this contention, we cannot agree. Building costs, water and sewage costs, labor supply and community relations, are just a few factors that must be considered in determining the market value of a property of this dimension in any given locality. All of these factors are the same when the comparables and the subject property are in the immediate vicinity of each other.

On the facts of this case, we must reject the market value approach. With the building in question fully meeting the definition of a specialty *(Matter of Sperry Rand Corp. v Board of Assessors of County of Nassau, supra)*, the proper method of valuation is reproduction cost less depreciation.

The order should be reversed, on the law and the facts, without costs, and the proceeding remitted for a further hearing and a new determination based upon the testimony and exhibits received in evidence upon the hearing under review and upon such additional evidence as the parties may offer at the further hearing.

HERLIHY, P. J., GREENBLOTT, SWEENEY and MAIN, JJ., concur.

Order reversed, on the law and the facts, without costs, and proceeding remitted for a further hearing and a new determination based upon the testimony and exhibits received in evidence upon the hearing under review and upon such additional evidence as the parties may offer at the further hearing.