■ MID-TOWN TENNIS CLUB OF ROCHESTER, Appellant, v WALLACE J. WAGNER, as Assessor of the City of Rochester, et al, Respondents.—Order unanimously affirmed, without costs. Memorandum: In this action to review and reduce the assessment on petitioner's real property respondent served notice to examine petitioner before trial concerning its business operations, operating income, profits and losses, etc. Petitioner appeals from the order

denying its motion for a protective order. Because business profits depend upon many factors apart from the value of the real estate whereon the business is conducted, evidence thereof is not directly admissible on the question of its value and assessment (see *People ex rel. Hotel Paramount Corp. v Chambers,* 298 NY 372, 374–375), unless such profits, by the terms .of a lease, are the measure of the rentals payable for use of the land *(Matter of Woolworth Co. v Commission of Taxation & Assessment of City of Plattsburgh,* 45 Misc 2d 701, mod and affd 26 AD2d 759; *Matter of Hilton Inns v Board of Assessors of Vil. of Tarrytown,* 39 Misc 2d 792, 793). If the property is a "specialty", the method of evaluating it is to use the cost of reproduction less depreciation *(Matter of City of New York [Kramer Realty Corp],* 16 AD2d 148, 150, affd 12 NY2d 1094; *Matter of Great Atlantic & Pacific Tea Co. v Kiernan,* 49 AD2d 99, 102). That is recognized as the maximum basis for evaluation and tax assessment (see *G.R.F. v Board of Assessors of County of Nassau,* 41 NY2d 512; *People ex rel. Hotel Paramount Corp. v Chambers, supra; People ex rel. Parklin Operating Corp. v Miller,* 287 NY 126, 130; *Matter of Federated Dept. Stores v Podeyn,* 51 Misc 2d 555, 556, affd 32 AD2d 823). The record does not reveal whether petitioner's property has been assessed as a "specialty" or whether petitioner claims that it has been. If upon the trial petitioner takes that position, it will have the right to introduce evidence of the profits of its business to establish that the structural improvements on the land are not fully suited thereto, that they do not contribute enough value thereto and that their full value (cost of reproduction less depreciation) should not be included in the assessment *(People ex rel. Hotel Paramount Corp. v Chambers,* 298 NY 372, 375, *supra; People ex rel. Parklin Operating Corp. v Miller,* 287 NY 126, 129–130, *supra;* 5A Warren's Weed, New York Real Property [4th ed], § 2.03, p 451; cf. *Matter of Federated Dept. Stores v Podeyn,* 51 Misc 2d 55, affd, 32 AD2d 823, *supra).* In order properly to prepare for trial to meet such potential claim, respondent is entitled to examine petitioner with respect to its business operations and profits. Petitioner has failed to show that the examination is not reasonably necessary *(Mosier v Van Der Horst Research Corp.,* 25 AD2d 938; Siegel, Practice Commentaries, McKinney's Cons Laws of N Y, Book 7B, CPLR 3103:1, pp 298–299). (Appeal from order of Monroe Supreme Court—discovery, etc.—Real Property Actions and Proceedings Law, art 7.) Present— Marsh, P. J., Cardamone, Dillon, Goldman and Witmer, JJ.