In a consolidated proceeding pursuant to Real Property Tax Law article 7 to review real property tax assessments for the tax years 1999/2000 through 2006/2007, the Board of Assessors, Assessor of County of Nassau, and the Board of Assessment Review, appeal from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (De Maro, J.), entered March 27, 2007, as, after a nonjury trial and upon a decision of the same court entered February 14, 2007, granted the petition to the extent of awarding a reduction in the tax assessments for the years 1999/2000 through 2006/2007, based upon a 20% deduction to the property’s gross income, and directed that the assessment rolls be corrected and any tax overpayments be refunded.
Ordered that the order and judgment is modified, on the law, by deleting so much of the third decretal paragraph as assessed the value of the subject property, and set the amounts of reduc *566 tion, as follows:
[[Image here]]
as so modified, the order and judgment is affirmed insofar as appealed from, with costs to the appellants.
Public Storage, Inc. (hereinafter Public Storage), commenced tax review proceedings pursuant to Real Property Tax Law article 7 challenging the tax assessments made by the Board of Assessors of Nassau County and the Assessment Review Commission of Nassau County (hereinafter together the County) for the tax years 1999/2000 through 2006/2007, on a parcel of real property which Public Storage owns and upon which it operates a self-storage facility. The County’s appraiser agreed that the property was overassessed and recommended certain reductions which, after a nonjury trial, were adjusted by the court to account for certain intangible business assets claimed by Public Storage to have enhanced the income value of its property. Although unacknowledged by the court, however, the County’s appraisal had accounted for any enhanced income value derived from these intangible business assets. We find that the 5% *567 reduction in the gross income generated at the subject property, along with the imputation of certain operating expenses, which were applied by the County to account for the intangible business assets, was appropriate under the circumstances of this case to arrive at the true value of the property (see Matter of Allied Corp. v Town of Camillus, 80 NY2d 351, 356 [1992]; Matter of Merrick Holding Corp. v Board of Assessors of County of Nassau, 45 NY2d 538, 541 [1978]; People ex rel. Hotel Paramount Corp. v Chambers, 298 NY 372, 374 [1949]; Matter of Mill Riv. Club v Board of Assessors, 48 AD3d 169, 171 [2007]). Moreover, this is the only calculation of the value of the claimed intangible business assets that is supported by the record (cf. Matter of Katz v Assessor of Vil.¡Town of Mount Kisco, 82 AD2d 654, 657 [1981]). Fisher, J.E, Miller, Dillon and Eng, JJ., concur.