Van Voorhis, J.
This tax certiorari appeal involves a 19-story and penthouse co-operative apartment building on Fifth Avenue, New York City, opposite Central Park, between East 67th and 68th Streets, constructed in 1949-1950. The Appellate Division reinstated the assessed valuation, which had been reduced by Special Term. The issue is primarily one of fact. We think that the assessed valuation more nearly corresponds to the true value.
The occasion for an opinion is to comment on the criticism by appellant of the receipt of evidence of the selling price in 1948 of the subject property to the promoters of the co-operative, and of the sales prices of parcels of comparable properties to promoters for other co-operative apartment houses. In Matter *31 of 5 East 71st St. v. Boyland (7 N Y 2d 859, 860-861) the memorandum of affirmance stated: “In so deciding, we do not find that the Official Referee erred in refusing to give weight to the 1948 sale to the co-operative corporation or to the separate sales to its tenant purchasers. It is sufficient to say that evidence of the original cost of the land and building in 1946 plus evidence of the sharp increase in value since that time are enough to sustain the assessed valuations.” In that case the 1946 sale of the land was made to the promoters of a co-operative apartment house. The sale to the promoters was regarded as a more reliable index of value than the sale in 1948 by the promoters to the co-operative corporation which they had organized, or the subsequent transactions between the corporation and its tenant purchasers. This is not to say that sales by promoters to co-operative corporations, or by the latter to their tenants cannot ever be evidence of value under any circumstances. They have little if any probative force in a sale resulting from a markup in value by the promoters soon after purchase but before sale by them to the co-operative corporation.
Sales of land to the promoters themselves are more significant. Time was when evidence was excluded of sales of the subject property or of comparable properties for the reason that vendor or purchaser might have made a bad bargain (Matter of Thompson, 127 N. Y. 463, 468; Ettlinger v. Weil, 184 N. Y. 179). The selling prices of specific parcels could only be elicited on cross-examination of expert witnesses who had given opinion evidence of market value (Robinson v New York El. R. R. Co., 175 N. Y. 219). Actual sales do not reflect market value where made under stress, but it came to be realized that they furnish valuable evidence of market value if consummated between willing buyers and sellers under ordinary market conditions. Accordingly, Robinson v. New York El. R. R. Co. (supra) was overruled in Village of Lawrence v. Greenwood (300 N. Y. 231) which held that evidence of specific sales is admissible on direct examination under such conditions.
This land sale to the builder of the present co-operative apartment house is attacked as evidence of value on the theory that the sponsor of the co-operative bought it with scant regard to price, impelled by the prospective profit to be derived from *32 sales of the co-operative apartments to prospective tenants after completion of the building. This reasoning is not convincing, inasmuch as the builder of the co-operative could have bought land anywhere if it were suitable to his purpose. If this parcel of land was located where it was especially suitable for the proposed new building, that was a circumstance which added to its market value. The builder of the co-operative was not compelled to buy it unless he chose to do so on account of the advantages of this location. If, as appellant contends, its location recommended itself for that purpose, that was a factor which added to its value and which might well be reflected in the assessed valuation. It is not to be expected that a prospective builder would pay more than necessary for the purchase of suitable land. The price of $1,503,000 to Secóles may have been affected in this instance by plans for a co-operative and arrangements for financing made by Minskoff. The $1,150,000 price to Minskoff contains no such possible infirmity as evidence.
The fact that these co-operative apartments were transferred to tenant owners at prices high enough to secure a profit to the promoters after defraying costs of land and building, indicates that the promoters’ capital was not wasted, and that the land and buildings were adapted to the site worth what they cost when they were acquired and constructed. Cost of new buildings or reproduction cost less depreciation establish maximum building value in assessment cases (People ex rel. Manhattan Sq. Beresford v. Sexton, 284 N. Y. 145; People ex rel. Parklin Operating Corp. v. Miller, 287 N. Y. 126, 130; People ex rel. Hotel Paramount Corp. v. Chambers, 298 N. Y. 372, 375; Matter of Semple School for Girls v. Boy-land, 308 N. Y. 382). It can have no other relevance unless the building would normally be reproduced at the time in question. One may regard that formula as supplying some evidence of value, however, where, as here, the building is well suited to the site. The actual construction cost in 1949-1950 was properly considered as a factor. The tax years now in litigation followed soon after the construction of this building, and both the assessors and Special Term found the same building value as well as the same land value during each of the tax years in suit.
*33 The order appealed from should he affirmed, Avith costs.
Chief Judge Desmond and Judges Dye, Fuld, Froessel, Burke and Foster concur.
Order affirmed.