Chief Judge Desmond.
In this proceeding to review tax assessments the contest is as to the values ($20,500,000 in two of the years, $21,000,000 in" the third year) assigned by the Tax Commission to the building which was completed just before the first of these tax years at a cost of $36,000,000. Summarized, the position of appellant is that capitalization of rental income, including estimated rent for the offices occupied by appellant itself, would not justify a building value of more than about $17,000,000.
Unlike many of the real property tax proceeding orders reviewed in this court, this order comes to us from an Appellate Division affirmance of Special Term so that questions of fact and of weight of evidence are not before us. We cannot reverse or modify in such a situation unless the record is without any substantial evidence to support the conclusion below or there has been error of law in the use of an erroneous theory of! valuation, or otherwise. We find no such errors here.
Although we do not concur in everything said in the two Appellate Division opinions, we agree that for an office building like this, well suited to its site, the actual building construction cost of $36,000,000 is some evidence of value, at least as to the tax years soon after construction (Matter of 5 East 71st St. v. *318 Boyland, 7 N Y 2d 859; Matter of 860 Fifth Ave. Corp. v. Tax Comm. of City of N. Y., 8 N Y 2d 29, 32). Petitioner urges, however, that for a building built to rent and rentable, capitalization of net income is the only basis for valuation and that the building assessment here can be justified only by assigning an inflated value to the office space occupied by petitioner itself. This, says petitioner, really means that petitioner, having for its own reasons constructed an unusually costly and beautiful building, is being taxed ostensibly for building value but really for the prestige and advertising value accruing to petitioner because the “ Seagram Building” has become world-renowned for its striking and imposing beauty. We do not agree with this interpretation of the opinions and order of the Appellate Division.
Usually, the assumed rent for the space occupied by a building owner would for purposes of capitalization of net rent income be computed at about the same rate as the rents actually paid by other tenants. But there can be many reasons why, as both of the Appellate Division opinions state, “ the building as a whole bearing the name of its owner includes a real property value not reflected in commercial rental income” since “ the owner did not build for commercial rental-income purposes alone, and, as a consequence, capitalization of such income without adjustments produces a false result ” and, therefore, “ one must not confuse investment for commercial rental income with investment for some other form of rental value unrelated to the receipt of commercial rental income ”. In other words, the hypothetical rental for owner-occupied space need not be fixed at the same rate as paid by tenants. This does not mean that advertising or prestige or publicity value is erroneously taxed as realty value. It certainly does not mean that a corporate sponsor of esthetics is being penalized for contributing to the metropolis a monumental and magnificent structure.
The order should be affirmed, with costs.