■ In the Matter of METROPOLITAN LIFE INSURANCE COMPANY, Respondent-Appellant, v. TAX COMMISSION OF THE CITY OF NEW YORK, Appellant-Respondent.— Final order, entered on July 2, 1962, reducing assessments for the tax years 1955–56 to 1961–62, inclusive, unanimously reversed on the facts and the law, and assessments confirmed with $30 costs and disbursements to respondent-

appellant-respondent. The property under review is the Fifth Avenue Building, located on Fifth Avenue between 44th and 45th Streets. The petitioner paid $6,300,000 for the land in December, 1954. It cannot be disputed that petitioner is a knowledgeable buyer. This purchase price exceeds the assessment in all years, and there is no testimony of any decline in values in the neighborhood. The cost of the building likewise substantially exceeds the building assessment, even when consideration is given to all deductions claimed by petitioner. The actual rents and expenses over the period show a return of approximately 9% on the assessed valuations. These facts preclude any reduction in the assessment (*Matter of 860 Fifth Ave.* v. *Tax Comm.*, 8 N Y 2d 29; *Matter of Seagram & Sons* v. *Tax Comm.*, 14 N Y 2d 314). Petitioner's argument that the building assessment increased over the tax years under review whereas both experts testified that the value remained constant is unavailing. Petitioner must establish that the assessment is too high and, failing that, any error of the Assessors is without import. Petitioner's reliance on a prior holding in regard to the assessment of another property is likewise unavailing. Firstly, the property in question was not nearly the size of the one under review, and, secondly, the court does not assess property, it merely passes on the evidence of value presented in the particular record (*People ex rel. Uvalde Asphalt Paving Co.* v. *Seaman*, 217 N. Y. 70; *Matter of City of New York [Maxwell]*, 15 A D 2d 153, 160). Concur — Rabin, J. P., McNally, Eager, Steuer and Witmer, JJ.