■ In the Matter of VIRGINIA PETERSON et al., Respondents, v. BOARD OF ASSESSORS OF THE TOWN OF WESTPORT, Appellant.— *Per Curiam.* Appeal from an order of the Supreme Court at Special Term which, in consolidated proceedings to review assessments of petitioners' real property in the Town of Westport for the years 1955, 1957 and 1959, found such assessments erroneous by reason of overvaluations in the amounts specified in said order and directed that said assessments be reduced accordingly. The premises, known as the Rolling Hills Inn, consisted of approximately 6 acres of land fronting for some 300 feet on the westerly side of the main highway, overlooking Lake Champlain to the east, and adjoining a country club and golf course, included an 11-room house with a 5-room annex and two 3-room apartments, as well as a 4-room cottage, operated as a Summer tourist home. The assessments for the years in question were 1955 — $11,000, 1957 — $8,000 and 1959 — $8,000. For each year, the court found inequality in comparison with the 36 per centum of full value at which real property in the town generally was found to have been assessed. It was further found that the "full, fair and reasonable value" of the premises "did not exceed $19,500" and the assessment was directed to be reduced to $7,000 for each of the years in question. In certain respects, the parties share equal responsibility for failure to follow the statutory procedures then and now required as to evidentiary parcels (see, e.g., former Tax Law, § 293, now Real Property Tax Law, § 720, subd. 3). So far as can be ascer-

tained from the incomplete record, certain of appellant's procedural and other legal objections seem, prima facie, to have been well taken, while others are patently without merit. We do not reach them, however, inasmuch as it clearly appears from the transcript of the evidence, which is complete, that the finding of a value that "did not exceed $19,500" has no adequate support in the evidence; and it is equally clear that petitioners have failed to overcome the presumption of the validity of the assessments and to sustain the burden of demonstrating inequality to the extent asserted or the overvaluations claimed and found. There was no satisfactory expert opinion or other evidence as to the value of petitioners' parcel or of any other property; except as value might be found from a sale of the nearby Westport Inn at approximately 50% of its assessed valuation, and even this sale was, concededly, "a type of forced sale * * * to avoid foreclosure"; and except as petitioners' property might be evaluated on the basis of their original purchase in 1951 for approximately $22,500 and their subsequent expenditure of $4,000 for improvements, and their sale of the property in 1956 for approximately $27,500 giving little or no weight to petitioners' reacquisition of the property on a foreclosure sale in 1958 for $9,500, subject to a mortgage in an amount not clearly shown. Order reversed, on the law and the facts, petitions dismissed and assessments reinstated, without costs. Gibson, P. J., Herlihy, Reynolds and Taylor, JJ., concur.