■ In the Matter of the NEW YORK CENTRAL RAILROAD COMPANY et al., Respondents, v. TAX COMMISSION OF THE CITY OF NEW YORK, Appellant.— Final order entered on or about June 12, 1964, reducing assessments for the tax years 1957–1958, through 1962–1963, inclusive, unanimously reversed on the law and on the facts, and the assessments for said years are confirmed, with $50 costs and disbursements to the appellant city. The assessments levied against this property for the several years in question were amply supported by the evidence and they should not have been reduced. In determining the value of the building through the use of the capitalization method, we believe that the use of the actual rents received from tenants, and charged by the petitioner to itself for its own occupancy, is a better guide to follow than the estimated income testified to by the petitioner's expert. We also feel that the capitalization rate of 9.174, after allowance for taxes, adopted by the petitioner in arriving at the economic value of the building, is too high for a building of this kind, and of such recent construction. Using the actual rentals and a more reasonable capitalization rate would show the value of the building to be far in excess of the highest value at which it was assessed. Furthermore, the assessed value is sustained by the testimony with respect to the replacement cost minus depreciation. The expert testifying with respect thereto computed the value to be $65,000,000. That is a reasonable figure compared to the $73,000,000 that was concededly spent for its construction, even after making due allowance for any alleged overpayments in the building cost. We likewise find that the land was not overassessed. There is nothing in the evidence to justify a reduction in that assessment. In any event, the total assessment arrived at for the land and buildings for each year is amply supported by the evidence, and they should be reinstated. Settle order on notice. Concur—Botein, P. J., Breitel, Rabin and McNally, JJ.

■ In the Matter of VILLAGE RATHSKELLER, INC., Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.—Determination of the State Liquor Authority finding the petitioner in violation of section 65 of the Alcoholic Beverage Control Law, and suspending petitioner's restaurant liquor license for 20 days, 10 days to be suspended forthwith, and the 10 day balance of the penalty to be temporarily deferred, unanimously modified, on the law, on the facts, and in the exercise of discretion, to annul the 10 day suspension to be served forthwith, and to limit the punishment to 10 days to be temporarily deferred, without costs or disbursements to either party. We confirm the Authority's finding that the petitioner " sold, delivered or gave away, or permitted to be sold, delivered or given away, alcoholic beverages to a minor and/or minors actually or apparently under the age of eighteen years on June 6, 1964." However, the record does not show any prior violation committed by the petitioner since it was first granted a restaurant liquor license on May 21, 1958, and it being conceded on oral argument that there has been no prior violation, a suspension of 10 days to be temporarily deferred is adequate in the circumstances. Concur—Botein, P. J., Breitel, Rabin and McNally, JJ.