■ In the Matter of GENERAL MOTORS CORPORATION, Respondent, v FINANCE ADMINISTRATOR OF THE CITY OF NEW YORK et al., Appellants.— Judgment, Supreme Court, New York County, entered March 17, 1977, in New York City real property tax certiorari proceedings reducing assessments on petitioner's property for the tax years 1966-1967 to 1975-1976, both inclusive, is unanimously reversed, on the law and the facts, with costs to respondents-appellants, and the petitions are dismissed and the assessments as finally determined by respondents-appellants are reinstated and confirmed. There is a presumption of validity of the assessments by the taxing authorities. *(Matter of Peterson v Board of Assessors of Town of Westport,* 25 AD2d 797, 798.) Petitioner has the burden of showing by substantial evidence that the assessments were excessive. *(Matter of Manufacturers Hanover Trust Co. v Tax Comm. of City of N. Y.,* 31 AD2d 606, affd 28 NY2d 514; *Matter of Clairdale Enterprises v Tax Comm. of City of N. Y.,* 33 AD2d 543; *Matter of Campagna v Tax Comm. of City of N. Y.,* 27 AD2d 832.) Petitioner has failed to meet that burden. The property involved is the General Motors Building occupying an entire block between 58th Street to 59th Street from Fifth Avenue to Madison Avenue, in the Borough of Manhattan, in the City of New York. The building was constructed in

1968. At least as to those tax years soon after acquisition of land and construction "The price paid by the petitioner * * * for the site of the building furnishes cogent evidence of land value, although by no means conclusive. * * * And, where, as here, we have a modern type building, newly constructed, the cost of construction thereof is 'a highly significant indicator of value' of the building." (Matter of Pepsi-Cola Co. v Tax Comm. of City of N. Y., 19 AD2d 56, 59; see, also, Matter of 5 East 71st St. v Boyland, 7 NY2d 859, 861; Matter of Seagram & Sons v Tax Comm. of City of N. Y., 18 AD2d 109, 114, affd 14 NY2d 314.) The assessments here are less than the cost of acquisition of the land (notwithstanding evidence of increased land values since acquisition), and the cost of construction of the building. They are also supported by the amount of the mortgage loan on the leasehold alone, and by rental values and comparable sales of land, and by reasonable capitalization of income. Concur—Sandler, J. P., Bloom, Markewich, Silverman and Ross, JJ.