■ In the Matter of UNION CARBIDE CORPORATION et al., Respondents, v FINANCE ADMINISTRATOR OF THE CITY OF NEW YORK et al., Appellants.— Judgment, Supreme Court, New York County, entered January 6, 1977, which reduced the assessments on petitioner's realty for the tax yars 1969-1970 to 1976-1977 inclusive, unanimously reversed, on the law and the facts, the petition dismissed, and the assessments for such years are reinstated and confirmed, with costs and disbursements to appellant. The reductions allowed have no adequate support in the record. Petitioners have not shown by substantial evidence that the claimed overvaluation exists (Matter of Peterson v Board of Assessors of Town of Westport, 25 AD2d 797; Matter of Manufacturers Hanover Trust Co. v Tax Comm. of City of N. Y., 31 AD2d 606, affd 28 NY2d 514; Matter of Clairdale Enterprises v Tax Comm. of City of N. Y., 33 AD2d 543; Matter of Campagna v Tax Comm. of City of N.Y., 27 AD2d 832). The property involved is the Union Carbide building, erected in 1961, consisting of 52 stories of office space on the Park Avenue side, plus a connecting low-rise 13-story office building running from midblock westerly to Madison Avenue. The land and structure in question occupy the entire square block from 47th to 48th Streets, from Madison to Park Avenues, in the Borough of Manhattan, in the City of New York. There is no dispute that this structure is one of the finest of its kind in the city with a prime location as described. The agreed cost of construction for this building was $73 million and land costs were almost $21 million. The credible expert testimony based on sales in the immediate area valued the land at $15,370,-000 for the period 1969-1970 to 1971-1972 and $17 million for the period 1972-1973 to 1976-1977. This was substantially in excess of the land assessment under review. Similarly, the total value as appraised by the city's expert was more than 25% above the actual assessment. As we stated in reviewing a prior assessment of this same building, (Matter of New York Cent. R. R. Co. v Tax Comm. of City of N. Y., 26 AD2d 543), "In determining the value of the building through the use of the capitalization method, we believe that the use of the actual rents received from tenants, and charged by the petitioners to itself for its own occupancy, is a better guide to follow than the estimated income testified to by the petitioners expert." Using this method of calculation, the figures in this case demonstrate that the property has been underassessed rather than overassessed. In any event, the total assessments arrived at for the land and building for each year are amply supported by the evidence, and they should be reinstated. Concur—Sandler, J. P., Bloom, Markewich, Silverman and Ross, JJ.