OPINION OF THE COURT
Harold E. Koreman, J.
In proceedings to review assessments of petitioner’s special franchise properties, intervenor-respondent City of White Plains moves for an order granting summary judgment dismissing the petitions or in the alternative granting partial summary judgment precluding the petitioner from offering any affirmative proof with respect to value of these properties. The respondent State Board of Equalization and Assessment (State Board) similarly moves for -summary judgment, and other intervenors-respondents referred to as the "Westchester Municipalities”, move jointly for partial summary judgment on the issue of overvaluation of the special franchise properties. Several other intervenors-respondents have joined in the motion brought by the City of White Plains.
The petitioner cross-moves for an order denying said motions, or, in the alternative, for leave to file new appraisals based upon those theories of valuation which the court may hold are permissible herein as a matter of law.
Petitioner has filed appraisal reports to support its claim of overvaluation as required by the rules of the Third Judicial Department (22 NYCRR 839.3 [a]); appraisal reports have also been submitted by the respondent State Board and by intervenor-respondent City of New York, and these appraisals have been exchanged (22 NYCRR 839.3 [b]). Under the departmental rules, on the trial of the proceedings, the parties are "limited in their affirmative proof of value to matters set forth in their respective appraisal reports.” (22 NYCRR 839.3 [d].)
For each of the years in dispute in these proceedings pe *912 titioner has filed two appraisal reports made by two different appraisers. In each appraisal the value of petitioner’s special franchises is arrived at by the capitalization of income method, the original cost method or a combination of both, methods. The State Board utilized the reproduction cost new less depreciation approach to value in arriving at the assessments in question. The movants contend that the theories of valuation set forth in the appraisals filed by petitioner are inappropriate and incompetent to establish the value of special franchise property and would not be admissible on the trial for such purpose; and that since petitioner is limited in its proof of value to the data and conclusions contained in such appraisals, it cannot as a matter of law sustain its burden of establishing that the assessments under review are excessive, and thus summary judgment should be granted dismissing the petition at least insofar as it is based on that issue.
Initially, the court finds no merit to petitioner’s argument that the instant motions are barred by a prior order of the Supreme Court, dated October 28, 1976, made in these same proceedings wherein it was stated "that the proper approach to valuing the special franchise property is a question for the trial.” There was no question before the court on that motion as to whether petitioner’s appraisals could be used to prove overvaluation, and, in any event, the order cannot reasonably be construed as barring any further motions addressed to the legal sufficiency or appropriateness of petitioner’s theories of valuation.
For purposes of assessment and taxation petitioner’s special franchise property consists not only of its intangible property or right to the use of the public streets and highways in the conduct of its business, but also includes "the value of the tangible property situated in, under, above, upon or through any public street, highway, water or other public place” which it uses to carry on its business as a public utility. (Real Property Tax Law, § 102, subd 17.) The appraisals filed and exchanged by petitioner and the State Board purport to value the special franchises by including both the tangible and intangible property in accordance with the above-cited statute. However, petitioner’s apparaisals arrive at a unit value of the special franchise property by using capitalization of income and original cost approaches, while the State Board’s appraisals are based on valuations of the tangible property separately *913 arrived at by utilizing the reproduction cost new less depreciation approach to value, to which was added an arbitrary amount equal to 5% of the value of the tangible property to arrive at the valuation of the special franchise.
An extensive discussion of the relative merits of the various approaches to real property valuations is unnecessary to the disposition of these motions. It is clear that the burden of overcoming the presumption of the validity of the assessments as fixed by the State Board rests with the petitioner (People ex rel. Jamaica Water Supply Co. v State Bd. of Tax Comrs., 196 NY 39, 53; Matter of Metropolitan Life Ins. Co. v Tax Comm. of City of N. Y., 22 AD2d 870, affd 16 NY2d 935; Matter of Peterson v Board of Assessors of Town of Westport, 25 AD2d 797). The underlying issue to be determined here is whether in the light of the theories of valuation relied on by petitioner in the appraisals as filed, and based upon the exhibits and affidavits submitted to the court, it must be concluded as a matter of law that petitioner cannot meet its burden of proving on the trial of these proceedings that the special franchise assessments in question are in error by reason of overvaluation.
Under the provisions of subdivision 1 of section 606 of the Real Property Tax Law, in arriving at a special franchise assessment the State Board must first determine the full value of the special franchise property and then apply the latest State equalization rate to it to compute the amount of the assessment. As to any portion of special franchise property that was on the assessment rolls for the year 1953, the State equalization rate for the year 1953 must be applied. The Legislature has not mandated nor prescribed any exclusive method for the valuation of special franchises. However, where property is designed for "unique” purposes or is "uniquely adapted” to the business conducted upon it or use made of it, for which there is no market, and which cannot be converted to other uses without the expenditure of substantial sums of money, such property has been classified as a "specialty” and regarded as such in determining its sound value. Applying these criteria to petitioner’s special franchises impels the conclusion that we are dealing here with the valuation of "specialty” property (Matter of County of Suffolk [C. J. Van Bourgondien, Inc.], 47 NY2d 507; Matter of Great Atlantic & Pacific Tea Co. v Kiernan, 42 NY2d 236). It has consistently been held that the proper and accepted method for the *914 valuation of a "specialty” is reproduction cost new less depreciation, except in a case where, because of the newness of the property, actual construction cost may adequately and fairly reflect its value (Matter of County of Suffolk [C. J. Van Bourgondien, Inc.], supra; Matter of Onondaga County Water Dist. v Board of Assessors of Town of Minetto, 39 NY2d 601, 605; Matter of Semple School for Girls v Boyland, 308 NY 382, 389; People ex rel. Hotel Paramount Corp. v Chambers, 298 NY 372; Westbury Drive-In v Board of Assessors of County of Nassau, 70 Misc 2d 1077, 1081, affd 45 AD2d 821; Long Is. Light. Co. v State of New York, 28 AD2d 1014, 1015; cf. 2 Orgel, Valuation Under Eminent Domain [2d ed], § 211, p 95). Concededly, petitioner’s appraisals do not utilize the reproduction cost new less depreciation approach in arriving at the value of the special franchises. Thus, since the departmental rule limits proof of value to matters set forth in the appraisal reports (22 NYCRR 839.3 [d]), it may well be that petitioner would not be successful in sustaining its burden of overcoming the presumption of validity of the assessments should its proof be so limited on the trial of these proceedings. That is not to say, however, that the appraisals as filed would not be admissible for any purpose and would have to be excluded in toto from any consideration on the trial. While unit valuation by the method utilized by petitioner is not the proper or acceptable approach to value for special franchise property, original cost data may be used to arrive at the value of newly constructed tangible special franchise property, and income may be considered in the valuation assigned or allocated to the franchise or intangible property to arrive at a proper determination of the value of the special franchise for tax assessment purposes.
"To obtain summary judgment it is necessary that the movant establish his cause of action or defense 'sufficiently to warrant the court as a matter of law in directing judgment’ in his favor (CPLR 3212, subd [b]), and he must do so by tender of evidentiary proof in admissible form. On the other hand, to defeat a motion for summary judgment the opposing party must 'show facts sufficient to require a trial of any issue of fact’ (CPLR 3212, subd [b]). Normally if the opponent is to succeed in defeating a summary judgment motion he, too, must make his showing by producing evidentiary proof in admissible form. The rule with respect to defeating a motion for summary judgment, however, is more flexible, for the *915 opposing party, as contrasted with the movant, may be permitted to demonstrate acceptable excuse for his failure to meet the strict requirement of tender in admissible form (e.g., Phillips v Kantor & Co., 31 NY2d 307; Indig v Finkelstein, 23 NY2d 728; also CPLR 3212, subd [f]).” (Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1067-1068; emphasis added.) It is clear, therefore, that on a motion for summary judgment "the burden on the opponent is not always so heavy as that on the movant”. (Friends of Animals v Associated Fur Mfrs., supra, p 1068.) In order to show a triable issue of fact so as to defeat a motion for summary judgment an evidentiary showing is necessary, but factual statements in opposing affidavits will be read favorably to the party resisting the motion in determining whether triable issues exist (6 Carmody-Wait 2d, NY Prac, § 39.29), and it has long been recognized that this drastic remedy should not be granted where there is any doubt as to the existence of such issues, or where the issue is arguable (Phillips v Kantor & Co., supra; Glick & Dolleck v Tri-Pac Export Corp., 22 NY2d 439, 441; Exchange Leasing Corp. v Bundy, 29 AD2d 828; 4 Weinstein-Korn-Miller, NY Civ Prac, par 3212.12).
In applying the general principles set forth above to the proof presented in opposition to these motions, the court is not persuaded that petitioner does not "show facts sufficient to require a trial of any issue of fact (CPLR 3212, subd [b])”. Rather, the factual statements contained in the opposing affidavits indicate that by filing additional data concerning reproduction cost new less depreciation, petitioner may be able to substantiate its contention of overvaluation at the. trial of these proceedings. The affidavits and exhibits submitted to the court disclose that petitioner filed its appraisals based upon its interpretation of the legal precedents permitting the use of income and original cost data; that the State Board has already filed appraisal reports relying upon the reproduction cost new less depreciation method; and that petitioner has indicated throughout these proceedings that it disagrees both with the use of reproduction cost new less depreciation approach to valuation and with the manner in which the State Board has calculated such cost and depreciation. Furthermore, petitioner proposes to show that even under the reproduction cost new less depreciation method the State Board’s appraisals overstate the value of the special franchise property. It also appears that the intervenor-respondent City of New York, the *916 only other party that has filed appraisals to date, was permitted to file them two years after the expiration of the time fixed by statute for such filing, and that the appraisals of the City of New York also rely in part on income data in arriving at their valuation of the special franchises. Thus, it does not appear that any of the parties to these proceedings will be prejudiced by the filing of appraisals at this time, incorporating the reproduction cost new less depreciation method of valuation of the special franchises or "specialty” property.
It should also be noted that this court has already granted partial summary judgment with respect to one aspect of these proceedings (98 Misc 2d 491). By order dated March 23, 1979, from which an appeal to the Appellate Division, Third Department, is now pending, this court dismissed the portions of the petitions filed herein which sought to annul the assessments on the basis of inequality by challenging the equalization rate arrived at and applied by the State Board for the various taxing jurisdictions in arriving at the assessments of the special franchises located therein. In my opinion, the interests of justice would not be served by granting the instant motions and thereby effectively foreclosing the petitioner from litigating issues of great complexity and of far-reaching consequence and importance. Since petitioner has made a sufficient showing that a genuine factual issue exists as to whether the assessments under review are in error by reason of overvaluation, that issue requires a plenary trial affording petitioner an opportunity to fully develop all relevant factors bearing on the question of value of its special franchises for purposes of assessment. "Admittedly, a trial would seem unnecessary if it were certain, in an absolute rather than a pragmatic sense of the term * * * that all the proof would be excludable. This is not a case, however, where all the evidence might be excluded, nor does such a case occur often, if ever.” (Phillips v Kantor & Co., 31 NY2d 307, 314, supra.)
Under all of the facts and circumstances alluded to herein, petitioner is entitled to a trial on the issue of overvaluation.
Accordingly, the motions for summary judgment are denied. While the cross motion seeks leave to file supplemental appraisals as alternative relief in the event summary judgment were granted, nevertheless, in these circumstances good cause has been shown to allow petitioner to file such appraisals (22 NYCRR 839.3 [e]) and the parties will not be prejudiced thereby. Petitioner, therefore, is permitted to file supplemen *917 tal appraisals based upon the reproduction cost new less depreciation method of valuation. The appraisals are to be filed sufficiently in advance of the trial of these proceedings to avoid the possibility of any claim of surprise by the respondent or by any of the intervenors-respondents.