■ In the Matter of RESORT HFA, Respondent, v FINANCE ADMINISTRATION OF THE CITY OF NEW YORK et al., Appellants. — In consolidated tax review proceedings, the Finance Administration and the Tax Commission of the City of New York appeal from a judgment of the Supreme Court, Queens County, entered October 12, 1979, which reduced the tax assessments for the subject property. Judgment reversed, on the law and the facts, with costs, the assessed valuations for the tax years in question are reinstated, and the proceedings are dismissed. The subject property is improved with a six-story specialty building designed for use as a proprietary home for adults. The building was completed in 1975 and a certificate of occupancy was issued on July 22, 1975. Nevertheless, the structure remains unused. The assessed valuation of the subject property for the 1975/1976 tax year was $1,300,000, with $150,000 attributed to the land and $1,150,000 to the building. The assessed valuation of the subject property for the 1976/1977 tax year was $1,450,000, with $150,000 attributed to the land and $1,300,000 to the building. According to the owner, the land was purchased for $175,617, and the actual cost of construction of the building was $2,040,220. At the trial, petitioner submitted evidence from a qualified appraiser that the land was worth $250,000. Petitioner's appraiser also acknowledged that the 1975 replacement cost of the building was approximately $2,100,000. However, he concluded that it was not economically feasible to use the building as a proprietary home for adults because of an oversupply of such facilities and "the rate-cost squeeze caused by the economic climate and by harsh New York City and State agency pressures," i.e., "burdensome staffing requirements imposed by the Department of Social Welfare" and "a restriction on the rates that were able to be obtained in homes for adults." Petitioner's appraiser concluded: "The subject property, completed in mid-1975, was never opened for business because of prevailing economic conditions, government pressures, and oversupply factors which precluded any chances [sic] for a profitable operation for proprietary homes for adults in the general New York City area. Many comparable facilities which have been operating somewhat profitably prior to 1975 have since been abandoned or closed." After further concluding that it was not economically feasible to put the building to another use, petitioner's appraiser estimated the "salvage value" of the subject property at $500,000, $250,000 of which was attributable to the land. Neither his written appraisal nor his trial testimony reveals the calculations used in arriving at the salvage figure. Appellants noted that the tenant in possession of the subject property was under investigation by State officials and therefore was not issued a license to operate a home for adults. In the tax years in question, that tenant was obligated to pay rent of $413,000 per annum, plus real estate taxes and other assessments. The tenant failed to make those payments. Based upon this evidence, Special Term concluded that it was not economically feasible to put the building to its intended use and, therefore, reduced the assessments for both 1975/1976 and 1976/1977 to $750,000, $150,000 of which was attributable to the land and $600,000 to the building. In the tax years soon after construction of a building, the actual construction cost, in this case $2,040,220, is considered a reliable indicium of value (see *Matter of Seagram & Sons v Tax Comm. of City of N.Y.,* 14 NY2d 314; *Matter of 860 Fifth Ave. Corp. v Tax Comm. of City of N.Y.,* 8 NY2d 29; *Matter of 5 East*

*71st St. v Boyland,* 7 NY2d 859; *Matter of Pepsi-Cola Co. v Tax Comm. of City of N.Y.,* 19 AD2d 56). In the case of a specialty property, the accepted method of valuation is reproduction cost less depreciation (see *Matter of Great Atlantic & Pacific Tea Co. v Kiernan,* 42 NY2d 236; *G.R.F., Inc. v Board of Assessors of County of Nassau,* 41 NY2d 512; see, also, *Matter of County of Suffolk [Van Bourgondien, Inc.],* 47 NY2d 507). When valuing a specialty, the income or profit derived from the specialty is relevant to the question of whether the structure is functionally obsolescent (see *People ex rel. Hotel Paramount Corp. v Chambers,* 298 NY 372, 375). However, a newly constructed building may not have reached its full income potential. Therefore, the existence of vacancies and their effect on the income or profit derived from the building are not the strongest indicia of value for freshly built structures (see *Matter of Saul Sokolov, Inc. v Board of Assessors of County of Nassau,* 57 AD2d 930, affd 43 NY2d 770; *Matter of Mid-Island Shopping Plaza v Podeyn,* 25 Misc 2d 972, affd 14 AD2d 571, affd 10 NY2d 966). It is significant that on the taxable status date for the first year under review, the building was still under construction and the owner continued to invest the necessary funds for its completion after that date. Such investment confidence is scarcely an indication that the improvement had only scrap value on the taxable status date. Further, the testimony of petitioner's appraiser, that it was not economically feasible to put the subject property to its intended use, was conclusory. His contention that there was an oversupply of proprietary homes for adults was not supported by statistical information. Although he contended that certain governmental pressures reduced the demand and profitability of adult home facilities, he did not describe the nature of those policies in other than the most general of terms, nor did he analyze the effect of those policies on other nursing homes in the area. Appellants, on the other hand, controverted petitioner's contention that the subject property was never opened for business because of economic conditions, with testimony that the tenant in possession was unable to secure the requisite license for reasons unrelated to economic conditions. Finally, the failure of petitioner's appraiser to reveal the calculations used in arriving at the "salvage value," violated 22 NYCRR 678.1 (d) (see *Matter of Stoneleigh Parkway v Assessor of Town of Eastchester,* 73 AD2d 918). On this record, it cannot be said that petitioner satisfied its burden of proof (see *Matter of Trinity Place Co. v Finance Administrator of City of N.Y.,* 72 AD2d 274). Therefore, the assessments should not have been reduced. Hopkins, J.P., Damiani, Lazer and Cohalan, JJ., concur.