■ In the Matter of CHARLES W. PECK et al., Appellants, v WILLIAM A. OBENHOFF et al., as Assessors of the Town of Bleecker, Respondents. (And Three Other Proceedings.) — Appeals from two orders of the Supreme Court at

Trial Term (Walsh, Jr., J.), entered February 28, 1980 and December 18, 1980 in Fulton County, in proceedings pursuant to article 7 of the Real Property Tax Law, which dismissed petitioners' applications seeking to challenge assessments on their property in the Town of Bleecker for the years 1976 through 1979. These proceedings were commenced pursuant to article 7 of the Real Property Tax Law to contest the town's tax assessments on petitioners' properties for the years 1976 through 1979. The trial court dismissed the petition for the years 1976 through 1978, holding that petitioners' appraisal was inadequate to assess the value of the subject property because no dollar value adjustments were made to reflect differences between the subject properties and those used as comparable sale properties. The court found that petitioners' expert failed to explain how he arrived at the value placed on such parcels. The 1979 grievance was tried separately. The trial court held that petitioners had again failed to establish the value of the subject property because there were too many differences between the property in issue and the sole comparable property used to establish value. The petitioners urge that the record contained sufficient proof from which a determination of overvaluation could be made. We disagree. Case law requires that the burden of proving excessive assessments reposes on the taxpayer *(Matter of General Motors Corp. v Finance Administrator of City of N.Y.,* 70 AD2d 843). In using comparable sales to establish value, an appraiser is *required* to make adjustments for differences between the comparables and the subject property *(Latham Holding Co. v State of New York,* 16 NY2d 41, 45; *Geffen Motors v State of New York,* 33 AD2d 980). Petitioners' appraiser did not provide the court with either percentage or dollar values for such adjustments made in the proceeding challenging the 1976-1978 tax assessments. The evidence was thus clearly insufficient to establish overvaluation. We also hold that the trial court did not abuse its discretion in finding that the sole comparable used in the 1979 proceeding was not similar enough to the subject property to establish value. Orders affirmed, with costs. Kane, J.P., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.