◼ In the Matter of POUGHKEEPSIE NEWSPAPERS, INC., Respondent, v CITY OF POUGHKEEPSIE et al., Appellants. — In proceedings pursuant to article 7 of the Real Property Tax Law, the appeal is from a judgment of the Supreme Court, Dutchess County (Burchell, J.), dated January 18, 1982, which determined the market value and "indicated assessments" in question upon the trial court's conclusion, after a nonjury trial, *inter alia,* that the subject property should not be treated as a specialty and should be valued by the income capitalization method. Judgment affirmed, without costs or disbursements. The core issue was whether the subject newspaper building property was a prestige-type property (see *Matter of Seagram & Sons v Tax Comm. of City of N. Y.,* 18 AD2d 109, affd 14 NY2d 314) or a specialty (see *Matter of Great Atlantic & Pacific Tea Co. v Kiernan,* 42 NY2d 236; *Matter of County of Nassau [Colony Beach Club of Lido],* 43 AD2d 45, 49, affd 39 NY2d 958) and therefore should be valued by the cost approach, rather than the income approach. The trial court expressly rejected the specialty contention and impliedly rejected the prestige contention. It is apparent from the record that both parties thoroughly prepared and presented the evidence on the issues before the trial court, and that those issues were essentially factual and involved a weighing of the nature and quality of the evidence and credibility of the witnesses. The trial court properly exercised its functions and made a personal inspection of the property. We find, from our examination of the record and the arguments presented to this court, that there is no basis for disturbing the trial court's determination, which is properly based upon the evidence and an application of the pertinent principles of law. Titone, J. P., Thompson, Weinstein and Niehoff, JJ., concur.