■ In the Matter of DUNE ALPIN FARM CORP., Respondent, v ASSESSOR OF THE TOWN OF EAST HAMPTON et al., Appellants. —In a tax certiorari proceeding pursuant to Real Property Tax Law article 7 to review an assessment made for the taxable status date June 1, 1983 for the tax year 1983-1984, the Assessor, Board of Assessors, the Board of Assessment Review of the Town of East Hampton and the Town of East Hampton appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (Geiler, J.), dated May 7, 1985, which reduced the assessment.

Ordered that the order and judgment is reversed, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, with directions to make a new determination, or to take such further evidence as will permit the making of a new determination, which will reflect an appropriate blend of income capitalization and cost.

While it is quite clear that Real Property Tax Law § 581 requires that a cooperative be evaluated for assessment purposes in the same fashion as other income producing multifamily properties, we cannot, on this record, affirm an order and judgment which fixed a true value of $3,726,000 as of June 1, 1983 for a resort cooperative for which a certificate of occupancy was issued in 1982 and which cost $9,659,000 to build on land worth $1,300,000.

---

It is settled law that the cost of construction of a new building is a highly significant indicator of value for the purposes of taxation, particularly for new construction (see, Seagram & Sons v Tax Commn., 14 NY2d 314; Matter of 860 Fifth Ave. Corp. v Tax Commn., 8 NY2d 29; Resort HFA v Finance Admin., 81 AD2d 617; Matter of Union Carbide Corp. v Finance Administrator of City of N. Y., 70 AD2d 844).

It is not unusual for newly constructed buildings intended to produce income to endure a maturing period before the income produced reaches a level that makes the investment worthwhile. New apartment houses, shopping centers or industrial space constructed on speculation often take considerable periods of time to reach their full potential and during such periods of adjustment the cost of construction is a significant factor in calculating the value of the property.

Real Property Tax Law § 581 (1) requires that condominiums and cooperatives be assessed without regard to their unique form of ownership. Therefore, the same valuation standards applicable to apartment houses apply to cooperatives. As the State Board of Equalization and Assessment has written: "Section 581 does not disturb this traditional income approach in valuation for taxation purposes of conventional apartment houses or multi-family 'real property occupied for residential purposes on a rental basis', nor does it prohibit use of the cost method. Thus, income and cost remain allowable where appropriate" (7 Opns Counsel SBEA No. 81, at 173).

It was error, then, for the court simply to capitalize income for this new and unmatured construction without any regard for what it had cost. Nevertheless, we cannot agree with the town assessor who used the cost of construction plus land value as the sole criterion for the valuation of the property. Therefore, we reverse and remit the proceeding to the Supreme Court, Suffolk County, to reconsider the record and make a new determination which will reflect an appropriate blend of income capitalization and cost with due consideration for physical deterioration and economic obsolescence. Should further hearings or new appraisal data be necessary, the court is authorized to take whatever action is necessary to effectuate the making of a new determination in accordance with this memorandum. Mollen, P. J., Lazer, Bracken and Kooper, JJ., concur.