[869 NE2d 634, 838 NYS2d 458]

In the Matter of CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Respondent, v CITY OF NEW YORK et al., Appellants.

Argued May 2, 2007; decided June 5, 2007

## POINTS OF COUNSEL

*Michael A. Cardozo, Corporation Counsel,* New York City (*Paul T. Rephen, Rita D. Dumain* and *Robert J. Paparella* of counsel), for appellants. I. The trial court and Appellate Division erred in adopting a replacement cost approach to value; the law and public policy mandate a "bright-line" rule utilizing the reproduction cost method in valuing utility property for tax assessment purposes. Accordingly, the matter should be remanded for a new hearing based solely on the reproduction cost method. (*Matter of Allied Corp. v Town of Camillus,* 80 NY2d 351; *Matter of Brooklyn Union Gas Co. v State Bd. of Equalization & Assessment,* 65 NY2d 472; *Matter of Long Is. Light. Co. v Assessor for Town of Brookhaven,* 202 AD2d 32; *Matter of Niagara Mohawk Power Corp. v Town of Bethlehem Assessor,* 225 AD2d 841; *Matter of Kalski v Fitzgerald,* 25 AD2d 573; *Matter of Pepsi-Cola Co. v Tax Commn. of City of N.Y.,* 19 AD2d 56; *People ex rel. Jamaica Water Supply Co. v State Bd. of Tax Commrs.,* 196 NY 39; *Matter of Consolidated Edison Co. of N.Y. v State Bd. of Equalization & Assessment,* 83 AD2d 355; *Matter of Great Atl. & Pac. Tea Co. v Kiernan,* 42 NY2d 236; *Matter of Tenneco, Inc.-Tennessee Gas Pipeline Div. v Town of Cazenovia,* 104 AD2d 511.) II. The Appellate Division erred in ignoring clear and consistent precedent as to the relevant test in determining whether a deduction for functional obsolescence for excess construction was warranted—technological inefficiencies and/or design changes are not enough. (*Matter of Niagara Mohawk Power Corp. v City of Dunkirk Assessor,* 221 AD2d 912; *Barber & Bennett v State of New York,* 34 AD2d 303; *Matter of City of New York [Ruppert Brewery Urban Renewal Project],* 67 Misc 2d 863; *Universal Empire Indus. v State of New York,* 149 Misc 2d 773; *Congregation of Sons of Israel v State of New York,* 54 AD2d 794.)

*Podell, Schwartz, Schechter & Banfield, LLP,* New York City (*Gary Schuller* and *William E. Banfield* of counsel), for respondent. Both experts adopted the cost theory of valuation and used the Reproduction-Cost-New-Less-Depreciation (RCNLD) technique to find value. Both experts agreed that a properly prepared RCNLD appraisal considers all forms of depreciation including functional obsolescence due to excess construction costs. The City's directive to David Moody not to consider this form of obsolescence based on its misreading of *Matter of Brooklyn Union Gas Co. v State Bd. of Equalization & Assessment* (65 NY2d 472 [1985]) destroyed the credibility of his appraisal. On this record, the lower courts' factual determination to include this component of depreciation when valuing the property was not erroneous and should be affirmed. (*Matter of Allied Corp. v Town of Camillus,* 80 NY2d 351; *Matter of County of Suffolk [C. J. Van Bourgondien, Inc.],* 47 NY2d 507; *Matter of Niagara Mohawk Power Corp. v City of Dunkirk Assessor,* 221 AD2d 912; *Matter of Great Atl. & Pac. Tea Co. v Kiernan,* 42 NY2d 236; *Universal Empire Indus. v State of New York,* 149 Misc 2d 773; *Matter of City of New York [Ruppert Brewery Urban Renewal Project],* 67 Misc 2d 863; *Matter of Long Is. Light. Co. v Assessor for Town of Brookhaven,* 202 AD2d 32, 85 NY2d 809; *Matter of Onondaga County Water Dist. v Board of Assessors of Town of Minetto,* 39 NY2d 601; *Congregation of Sons of Israel v State of New York,* 54 AD2d 794; *Barber & Bennett v State of New York,* 34 AD2d 303.)

*James J. O'Keeffe,* Albany, and *Philip G. Hembdt* for New York State Board of Real Property Services, amicus curiae. I. Petitioner's appraiser has actually used replacement cost to determine the value of the subject property. (*Matter of Brooklyn Union Gas Co. v State Bd. of Equalization & Assessment,* 65 NY2d 472; *Matter of Niagara Mohawk Power Corp. v Town of Bethlehem Assessor,* 225 AD2d 841; *Matter of Long Is. Light. Co. v Assessor for Town of Brookhaven,* 202 AD2d 32; *Matter of Allied Corp. v Town of Camillus,* 80 NY2d 351; *Matter of Niagara Mohawk Power Corp. v Assessor of Town of Geddes,* 92 NY2d 192.) II. Specialty property is valued using the Reproduction-Cost-New-Less-Depreciation Method because New York State law requires assessments of real property to be based upon the property's current use and condition. (*Matter of Kalski v Fitzgerald,* 25 AD2d 573; *Matter of Addis Co. v Srogi,* 79 AD2d 856, 53 NY2d 603; *Matter of Estate of Goldman v Commissioner of Fin.,* 203 AD2d 20, 83 NY2d 759; *Matter of BCA-White Plains Lanes v Glaser,* 91 AD2d 633; *Matter of Adirondack Mtn. Reserve v*

*Board of Assessors of Town of N. Hudson,* 99 AD2d 600, 64 NY2d 727; *Matter of General Motors Corp. Cent. Foundry Div. v Assessor of Town of Massena,* 146 AD2d 851; *Matter of General Elec. Co. v Macejka,* 117 AD2d 896; *Matter of Farone & Son v Srogi,* 96 AD2d 711; *Matter of Rochester Urban Renewal Agency [Patchen Post],* 45 NY2d 1.) III. Functional obsolescence, when caused by competing with a less expensive, more efficient technology, is determined by capitalizing the excess costs of operating the existing facility. (*Universal Empire Indus. v State of New York,* 149 Misc 2d 773; *Barber & Bennett v State of New York,* 34 AD2d 303; *Norman's Kill Farm Dairy Co. v State of New York,* 53 Misc 2d 578; *Matter of Long Is. Light. Co. v Assessor for Town of Brookhaven,* 202 AD2d 32; *Matter of Onondaga County Water Dist. v Board of Assessors of Town of Minetto,* 39 NY2d 601.) IV. If the decision of the Supreme Court is upheld it will result in widespread assessment reductions of utility property and many other complex commercial properties throughout the State. (*Matter of Niagara Mohawk Power Corp. v City of Dunkirk Assessor,* 221 AD2d 912; *Matter of Erie Blvd. Hydropower, L.P. v Town of Ephratah Bd. of Assessors,* 9 AD3d 540; *Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451; *Matter of Colt Indus. v New York City Dept. of Fin.,* 66 NY2d 466.)

*Donna M.C. Giliberto,* Albany, and *A. Kevin Crawford* for the Association of Towns of the State of New York and another, amici curiae. The decision of the Appellate Division, Second Department, if upheld will lead to the significant under-assessing of specialty property, negatively impacting municipal budgets across the State. (*Matter of Brooklyn Union Gas Co. v State Bd. of Equalization & Assessment,* 65 NY2d 472; *Matter of Allied Corp. v Town of Camillus,* 80 NY2d 351; *Matter of Onondaga County Water Dist. v Board of Assessors of Town of Minetto,* 39 NY2d 601; *People ex rel. Delaware, Lackawanna & W. R.R. Co. v Clapp,* 152 NY 490; *Consolidated Edison Co. of N.Y. v State Bd. of Equalization & Assessment,* 101 Misc 2d 910; *Matter of Sperry Rand Corp. v Board of Assessors, County of Nassau,* 10 AD2d 720; *Matter of Long Is. Light. Co. v Assessor for Town of Brookhaven,* 202 AD2d 32.)

## OPINION OF THE COURT

Chief Judge KAYE.

The issue before us in this tax certiorari proceeding is whether functional obsolescence due to excess construction costs was appropriately considered in fixing the value of certain speciality

property. On the particular record before us, we agree with the trial court and Appellate Division that it was.

Petitioner Consolidated Edison Company of New York, Inc. (Con Edison) brought this tax certiorari proceeding pursuant to RPTL article 7 challenging the City of New York's assessments on its Arthur Kill electric generating station for the tax years 1994/1995 through 1998/1999. The generating station is comprised of two steam generating units (installed in 1959 and 1969) and one gas turbine (installed in 1970).

At a bench trial, the parties agreed that, as an electrical generating facility, the subject property is considered a "specialty" and should therefore be appraised using the Reproduction-Cost-New-Less-Depreciation (RCNLD) method of valuation. This method seeks to determine the value of a property by estimating the cost to construct a replica using the same materials and techniques as the subject facility (reproduction cost), less depreciation. The parties differed, however, as to whether functional obsolescence due to excess construction costs could be subtracted from the reproduction cost as a component of depreciation. Functional obsolescence due to excess construction costs is the difference between the property's reproduction cost and the cost of replacing the existing property with a facility of similar productive capacity using modern materials and technology (replacement cost).

Con Edison's expert included the value of functional obsolescence due to excess construction costs, lowering the appraisal for tax assessment purposes. Although the City's expert did not include this factor in his appraisal, which was significantly higher, he conceded on cross-examination that in conducting a reproduction cost valuation, appraisers typically consider functional obsolescence due to excess construction costs. Indeed, the only reason he did not do so in this instance was counsel's instruction that under New York law it would be improper. In his view, an appraisal that allowed for functional obsolescence due to excess construction costs would still be considered a proper reproduction cost appraisal under industry standards, even if it yielded a result consistent with replacement cost.

Supreme Court adopted Con Edison's calculation and a divided Appellate Division affirmed. The City appeals as of right based on the two-Justice dissent. We now affirm.

The valuation of assessed property is, of course, essentially a question of fact, the courts' principal task being to discern the

most accurate estimation of value for the specific property before it. Thus, where, as here, "the determinations of value made at nisi prius have been affirmed at the Appellate Division, those valuations must be upheld unless there has been an error of law in the use of an erroneous theory of valuation or unless the record does not contain evidence to support them" (*Matter of B. Altman & Co. v City of White Plains*, 57 NY2d 904, 905-906 [1982]).

The City argues that the trial court and Appellate Division erred as a matter of law by accepting Con Edison's use of functional obsolescence due to excess construction costs in calculating depreciation. According to the City, no such measure should be included under the RCNLD method because, in doing so, the appraiser effectively substitutes the established reproduction cost method—which looks to the value of the current property on the taxable status day—with a replacement cost method focused on the value of a hypothetical future facility.

While recognizing that the RCNLD method should be utilized for valuing speciality property, we have not previously considered whether functional obsolescence due to excess construction costs can be included under that method (*see e.g. Matter of Brooklyn Union Gas Co. v State Bd. of Equalization & Assessment*, 65 NY2d 472, 485 [1985]; *Matter of Allied Corp. v Town of Camillus*, 80 NY2d 351, 356-360 [1992]). In the context of this case, however, we conclude that the City's arguments are misplaced. We cannot hold that the theory of valuation adopted by the courts below was erroneous as a matter of law.

The City's expert witness agreed that functional obsolescence due to excess construction costs is in fact a proper element of depreciation under the reproduction cost methodology, even in cases where it yields a valuation consistent with replacement cost. Moreover, Con Edison's appraisal methodology finds support in the relevant appraisal literature (*see* Appraisal Institute, The Appraisal of Real Estate ch 14 ["The Cost Approach"], ch 16 ["Depreciation Estimates"] [12th ed 2001]). Indeed, we have previously noted that one problem often identified with RCNLD valuation is "its tendency to ascribe too little weight to such factors as . . . functional obsolescence" (*Town of Camillus*, 80 NY2d at 357). Thus, allowing for increased consideration of functional obsolescence may, in the appropriate case, further the purpose of valuation proceedings—to arrive at a fair and realistic appraisal of the value of the property at issue (*see Matter of Saratoga Harness Racing v Williams*, 91 NY2d 639, 643 [1998]).

That being said, we do not adopt a rule that functional obsolescence due to excess construction costs is an appropriate consideration in every tax assessment matter where RCNLD is the applicable method. To the contrary, valuation remains largely a question of fact, and the courts have considerable discretion in reviewing the relevant evidence as to the specific property before them. Here, we find no legal error in that review.

Accordingly, the judgment appealed from and order of the Appellate Division brought up for review should be affirmed, with costs.

Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Judgment appealed from and order of the Appellate Division brought up for review affirmed, with costs.