■ In the Matter of EDWARD CARROLL, Appellant, v ASSESSOR OF THE CITY OF RYE, NEW YORK, et al., Respondents. [875 NYS2d 558]—

In three related proceedings pursuant to Real Property Tax Law article 7 to review real property tax assessments for the tax years 2003, 2004, and 2005, respectively, the petitioner appeals from so much of an order of the Supreme Court, Westchester County (LaCava, J.), entered March 28, 2007, as denied his motion for summary judgment on the petitions.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 2002 the petitioner commenced construction of a residence on property that had been given to him by his father in 1992. At the time, the property was improved only by a storage shed. A certificate of occupancy for the residence was issued on October 1, 2004. The assessment of property was increased in 2003 and 2004 based upon the assessor's determination as to the percentage of construction that had been completed as of the taxable status date in each of those years. The property was

assessed based upon the assessor's determination as to the completed residence for the 2005 tax roll. The petitioner filed three petitions challenging the assessments for 2003, 2004, and 2005, respectively.

The petitioner moved for summary judgment granting the relief sought in the petitions, arguing that the assessment exceeded the cost of construction of the residence, which he asserted to be the maximum value at which the property may be assessed. The respondents cross-moved for summary judgment dismissing the petitions, arguing that the petitioner had improperly challenged only a portion of the assessment and that the assessment of newly-created residential property such as the petitioner's is not limited to the cost of construction. The Supreme Court denied both the motion and the cross motion. The petitioner appeals from so much of the Supreme Court's order as denied his motion.

The Supreme Court correctly denied the petitioner's motion for summary judgment. The issue in any challenge to the amount of an assessment is the value of the property (*see Matter of Commerce Holding Corp. v Board of Assessors of Town of Babylon*, 88 NY2d 724, 729 [1996]; *Matter of Great Atl. & Pac. Tea Co. v Kiernan*, 42 NY2d 236, 242 [1977]), "the court's principal task being to discern the most accurate estimation of value" (*Matter of Consolidated Edison Co. of N.Y., Inc. v City of New York*, 8 NY3d 591, 595-596 [2007]). Construction cost is recognized as a significant indicator of value, at least in the years soon after construction (*see Matter of Joseph E. Seagram & Sons v Tax Commn. of City of N.Y.*, 14 NY2d 314, 317 [1964]; *Matter of Dune Alpin Farm Corp. v Assessor of Town of E. Hampton*, 125 AD2d 672, 673 [1986]). However, "[e]vidence of comparable sales is generally the preferred measure of a property's value for assessment" (*Matter of Allied Corp. v Town of Camillus*, 80 NY2d 351, 356 [1992]). Here, the respondents relied upon such evidence.

The authorities upon which the petitioner relies recognize that in the context of commercial premises, where comparable sales are often not available and therefore value is largely determined by the income capitalization method (*see G.R.F. v Board of Assessors of County of Nassau*, 41 NY2d 512, 513 [1977]; *Matter of South Bay Dev. Corp. v Board of Assessors of County of Nassau*, 108 AD2d 493, 499 [1985]), construction cost is a proper limiting factor in determining value (*see Matter of 860 Fifth Ave. Corp. v Tax Commn. of City of N.Y.*, 8 NY2d 29, 32 [1960]; *People ex rel. Hotel Paramount Corp. v Chambers*, 298 NY 372, 375 [1949]; *People ex rel. Manhattan Sq. Beresford*,

*Inc. v Sexton,* 284 NY 145, 149 [1940]). They do not require, however, that in the residential context the preferred method of valuation, by comparable sales, necessarily be disregarded. Selective reassessment issues (*see e.g. Matter of Young v Town of Bedford,* 37 AD3d 729 [2007], *affg* 9 Misc 3d 1107[A], 2005 NY Slip Op 51444[U] [2005]; *Matter of Stern v Assessor of City of Rye,* 268 AD2d 482 [2000]; *Matter of DeLeonardis v Assessor of City of Mount Vernon,* 226 AD2d 530 [1996]) have been raised and argued in this proceeding only in connection with the respondent's cross motion for summary judgment dismissing the proceeding. The respondent did not appeal from the denial of that cross motion and, consequently, the issues raised in that regard are not before us. Spolzino, J.P., Dillon, Ritter and Dickerson, JJ., concur.